Filed: 5/9/2016

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B261774 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. YA083992) |
| v. | |
| RYAN ALLEN BUTCHER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge.  Affirmed as modified with directions.

David W. Scopp, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]     Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part III(B)(2).

# I. INTRODUCTION

Defendant, Ryan Allen Butcher, appeals from a state prison sentence imposed following a contested probation violation proceeding pursuant to Penal Code section 1203.2, subdivision (a).[1] Defendant received a three-year, eight-month prison sentence. He received a three-year principal term for violating Vehicle Code section 2800.2, subdivision (a), felony evading. And, defendant received a consecutive eight-month subordinate term for violating section 71, subdivision (a) (section 71), threats against a public officer. We affirm the finding defendant violated the terms of his probation. We also affirm his state prison sentence. However, we order modifications to the judgment.

# II. BACKGROUND

## A. Case No. YA083992

On April 5, 2012, defendant was arrested and later, on April 9, charged with two felonies in case No. YA083992. Defendant was charged with felony grand theft of personal property and evading a peace officer with willful or wanton disregard for the safety of persons or property. (§ 487, subd. (a); Veh. Code, § 2800.2, subd. (a).) On April 23, 2012, defendant pleaded no contest to the felony evading charge. The theft charge was dismissed. Defendant received a three-year state prison sentence, which was suspended. Defendant was placed on probation for three years and required to serve 365 days in county jail. Defendant was awarded 38 days of presentence credit, 19 days for actual custody and 19 days for good time credit. The probation conditions imposed on defendant included a requirement that he "obey all laws" and court orders. Defendant was also subject to search and seizure conditions by any peace officer without a warrant,

---

[1] Further statutory references are to the Penal Code except where otherwise stated.

probable cause or reasonable suspicion. Defendant was assessed: $40 for court operations under section 1465.8, subdivision (a)(1); $30 for court facilities under Government Code section 70373, subdivision (a)(1); a $240 restitution fine under section 1202.4, subdivision (b); a $240 section 1202.44 probation revocation restitution fine, which would become effective if his probation was revoked; and a $240 parole revocation restitution fine under section 1202.45, which would become effective if his parole was revoked.

On January 23, 2013, defendant's probation was revoked because he was arrested on a new felony offense. The prosecution was unable to proceed with the preliminary hearing on the new charge. As a result, on February 6, 2013, probation was reinstated.

On March 27, 2013, probation was once again revoked because defendant was arrested and charged with methamphetamine possession in case No. YA086737. Defendant admitted he had violated the terms of his probation after pleading no contest to the methamphetamine possession charge in case No. YA086737. Probation was reinstated under the original terms and conditions with an additional 42 days of jail time imposed. Defendant received 21 days of actual custody and 21 days good time presentence credit. Probation was modified to impose a new condition prohibiting consumption of alcohol or drugs.

On May 2, 2013, probation was once again revoked after another methamphetamine possession arrest. On June 5, 2013, defendant was found to have violated the terms of his probation based on his no contest plea and resulting conviction in case No. YA087170. Defendant's probation was once again reinstated on the previous terms and conditions. The trial court lifted the stay on the previously imposed $240 section 1202.44 probation revocation restitution fine.

On June 12, 2013, defendant was arrested for making a criminal threat and charged in case No. YA087652 with violating section 422, subdivision (a). We shall digest those proceedings in greater detail in part II(B) of this opinion, *infra*. On September 11, 2013, defendant pled no contest in case No. YA087652 to a violation of section 71, threatening a public officer. Defendant was found in violation of probation in

3

case No. YA083992, the felony evading case. Defendant's probation in the felony evading case was immediately reinstated.

On November 13, 2013, probation was again revoked. On November 18, 2013, defendant was found in violation of his grant of probation based on his admission in open court. No oral order was issued reinstating probation but defendant was ordered released. No oral order was issued imposing the additional days in county jail in this case. But the clerk's minutes state that probation was reinstated and defendant was ordered to serve 12 days in county jail. According to the abstract of judgment, defendant received six days of actual custody and six days of good time credits.

On September 15, 2014, probation was revoked and defendant was ordered remanded. On December 26, 2014, the probation violation hearing was held. We will digest the probation violation proceeding in part II(C), *infra*, of this opinion.

### B. Case No. YA087652

On June 12, 2013, defendant was arrested for threatening a deputy sheriff. Defendant's preliminary hearing was held on July 1, 2013. In an information filed July 15, 2013, defendant was charged with criminal threats in violation of section 422, subdivision (a). On September 11, 2013, the information was amended to add a count of threatening a public officer, a felony, in violation of section 71. Defendant pled no contest to the section 71 charge. Defendant was placed on formal probation for a three-year period. Defendant was also ordered to serve one year in county jail. Defendant received credit for 182 days served in county jail awaiting sentencing, 91 days for actual custody and 91 days for good time credit. Defendant was ordered to pay the following fines and assessments: a $280 restitution fine under section 1202.4, subdivision (b); a $280 probation revocation fine under section 1202.44 to become effective if his probation was revoked; a $40 court operations assessment fee under section 1465.8, subdivision (a)(1); a $30 court facilities assessment under Government Code section 70373, subdivision (a)(1); and the cost of probation services under section 1203.1, subdivision

4

(b). Defendant was ordered as a condition of probation to obey all laws and further court orders.

As noted above, in case No. YA083992, the felony evading case, defendant's probation was expressly revoked on September 15, 2014. On January 2, 2015, the following occurred: "The Court: . . . Probation in case YA087652 . . . has never been revoked. So what I would like to do is ask for your permission to revoke that case nunc pro tunc so that we can handle both cases, Mr. Syed. [¶] [Deputy Public Defender Imran] Syed: Yes, your honor. [¶] The Court: That's okay? [¶] Mr. Syed: Yes. [¶] The Court: Mr. Butcher, you agree to that? [¶] The Defendant: Yes. [¶] . . . [¶] The Court: Then nunc pro tunc as of the defendant's September 15, 2014 arrest, his probation is revoked . . . ."

## C. Contested Probation Violation Hearing

Several judges were involved in the proceedings leading up to the probation revocation hearing, which led ultimately to defendant's state prison sentence. Judge Lauren Weis Birnstein presided over the final probation revocation hearing and imposed the state prison sentence. For clarity's sake, we will refer to Judge Birnstein as the trial court.

On September 13, 2014, defendant was arrested in Redondo Beach and charged in case No. 4SY06575. Defendant was charged with: resisting or obstructing an officer in violation of section 148, subdivision (a)(1); assault on a peace officer in violation of section 241, subdivision (c); and possession of a dirk in violation of section 16470. Eventually, case No. 4SY06575 was dismissed after defendant was found in violation of probation.

On December 26, 2014, the contested probation violation hearing commenced. Redondo Beach Police Officers Brian Weiss, Ryan Harrison and Aaron Plugge testified. They testified that defendant was involved in a three-vehicle traffic collision and was unusually upset when the officers arrived. Eventually, defendant was handcuffed and a

5

search was conducted of his truck. As matters escalated, defendant tried to bite Officer Harrison's arm. Defendant was then arrested. After the three-car accident and ensuing altercation with the police, defendant had scratches on his head, nose, right leg and elbow. The incident was captured on Officer Weiss's body camera.

Laura Alvarez testified that she was a passenger in defendant's truck when the accident occurred. Ms. Alvarez denied seeing defendant attempt to bite any police officer. Ms. Alvarez testified she had a clear view of defendant being arrested. However, at the time that the altercation was ensuing, Ms. Alvarez testified she was talking to a police officer.

### D. Probation Revocation Order

On January 2, 2015, defendant was found to have violated the terms of his probation for failure to obey all laws; namely for assaulting a peace officer. The trial court found that Ms. Alvarez was not in a position to see the biting incident. The trial court imposed a three-year, eight-month county jail sentence on defendant as a result of his convictions in case Nos. YA083992 and YA087652. The total county jail sentence was 1,335 days. The trial court found: defendant had 365 actual presentence custody credits; defendant was entitled to an additional 110 days of credit from September 15, 2014, to January 2, 2015, for a total of 475 actual custody credits; defendant was entitled 474 days of good time credit for a total of 949 days of credit; and defendant had to serve the 386 remaining days in mandatory supervision. The trial court imposed "an additional" probation revocation restitution fine (§ 1202.44) in each case; $280 in case No. YA087652 and $240 in case No. YA083992. Defendant was released from custody.

On January 9, 2015, the trial court resentenced defendant. At the commencement of the January 9, 2015 proceedings, the trial court stated: "The other day when we sentenced [defendant], it was an illegal sentence because 2800.2 is straight state prison. It's not subject to the provisions of 1170(h)." The trial court resentenced defendant to

6

state prison.  The trial court ordered defendant to appear on January 12, 2015, to surrender to custody.  This appeal followed.

## III.  DISCUSSION

### A.  Defendant's Propria Persona Contentions

We appointed counsel to represent defendant on appeal.  After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised.  Instead, appointed appellate counsel requested this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.)  On July 24, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wished us to consider.  On September 11, 2015, defendant filed a late supplemental letter brief, which we will consider.  We have examined the entire record and find, given the applicable standard and principles of appellate review, all of defendant's pro se contentions are frivolous.

We review the trial court's probation revocation order for an abuse of discretion. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 447; *People v. Urke* (2011) 197 Cal.App.4th 766, 773; see § 1203.2, subd. (a).)  The trial court's factual findings are reviewed for substantial evidence.  (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681; *People v. Urke, supra,* 197 Cal.App.4th at p. 773.)  The trial court found defendant had violated the terms of his probation.  Substantial evidence supports the trial court's findings.  The trial court accepted the testimony that defendant attempted to bite Officer Harrison.  This constituted a violation of section 241, subdivision (c), assault on a police officer.  Defendant's probation terms included an order that he obey all laws.

In his supplemental pro se brief, defendant asserts that the police officers lied in their testimony and recounts his version of events.  We may not consider defendant's version of the events because it was not before the trial court because he did not testify.

7

(*In re Rogers* (1980) 28 Cal.3d 429, 437, fn. 6; *People v. Merriam* (1967) 66 Cal.2d 390, 397.)  Additionally, we do not reweigh conflicting evidence or determine credibility on appeal.  (*People v. Whisenhunt* (2008) 44 Cal.4th 174, 200; *People v. Saldana* (1975) 47 Cal.App.3d 954, 958.)  The trial court did not abuse its discretion when it revoked defendant's probation.

## B.  Issues We Have Ordered Briefed

### 1.  The 2011 Criminal Justice Realignment Act

We asked the parties to brief the question whether, under the 2011 Criminal Justice Realignment Act (the Realignment Act), defendant was lawfully sentenced to state prison rather than county jail.  In other words, we asked the parties to brief whether the sentence for a felony violation of Vehicle Code section 2800.2 subdivision (a) is a "straight state prison" term, as the trial court concluded.  Or, is the sentence to be served in county jail?

The parties do not dispute the effect of a Vehicle Code section 2800.2, subdivision (a) prison sentence on the subordinate section 71 term.  If the Vehicle Code section 2800.2, subdivision (a) principal term must be served in state prison, then the subordinate term must be served there likewise.  Section 71 states in part, "Upon a first conviction, such person is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of section 1170, or in a county jail not exceeding one year, or by both that fine and imprisonment."  As can be noted, absent disqualifying prior convictions, a section 71 felony sentence must be served in county jail.  If the felony evading term must be served in state prison, so too must the subordinate term which otherwise would be punishable by county jail custody only. (§ 1170.1, subd. (a) ["Whenever a court imposes a term of imprisonment in the state prison, whether the term is a principal or subordinate term, the aggregate term shall be served in state prison, regardless as to whether or not one of the terms specifies

8

imprisonment in a county jail pursuant to subdivision (h) of Section 1170"]; *People v. Vega* (2014) 222 Cal.App.4th 1374, 1387 ["absent evidence of a contrary legislative intent, where an enhancement specifically provides for a term to be served 'in the state prison' the entire term imposed shall be served in state prison even where the underlying offense would otherwise be served in local custody"]; *People v. Torres* (2013) 213 Cal.App.4th 1151, 1153 ["when a sentence that otherwise would have been served in county jail pursuant to section 1170, subdivision (h), is ordered to run concurrently to a sentence already being served in state prison, the entire sentence must be served in state prison"]; Couzens and Bigelow, Felony Sentencing After Realignment (March 4, 2014) p. 28; see § 669, subd. (d) [concurrent terms must be served in state prison even if one of several is subject to county jail time].)  Thus the dispositive issue before us is whether the violation of Vehicle Code section 2800.2, subdivision (a) must be served in state prison.

We conclude defendant was lawfully sentenced to state prison because:  a felony violation of Vehicle Code section 2800.2, subdivision (a) is expressly punishable "by imprisonment in state prison"; a felony violation of Vehicle Code section 2800.2, subdivision (a) is not expressly punishable pursuant to section 1170, subdivision (h); unlike other Vehicle Code provisions, Vehicle Code section 2800.2, subdivision (a) was not amended by the Realignment Act; the Legislature never replaced the Vehicle Code section 2800.2, subdivision (a) "imprisonment in the state prison" requirement with the "pursuant to subdivision (h) of Section 1170" language; and if the Legislature intended to make a Vehicle Code section 2800.2, subdivision (a) felony violation punishable by county jail custody, it would have so provided.

In construing the relevant statutes, we apply settled rules:  "In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. (*People v. Gardeley* (1996) 14 Cal.4th 605, 621.)  In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent.  (*People v. Lawrence* (2000) 24 Cal.4th 219, 230.)  If the statutory language is clear and unambiguous, the plain meaning of the statute governs.  (*Id.* at pp. 230-231.)" (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056; accord, *People v. Licas* (2007) 41 Cal.4th

362, 367.)  With respect to the statutory language, our Supreme Court has explained:

"'We do not . . . consider the statutory language "in isolation."  [Citation.]  Rather, we look to "the entire substance of the statute . . . to determine the scope and purpose of the provision . . . .  [Citation.]"  [Citation.]  That is, we construe the words in question "'in context, keeping in mind the nature and obvious purpose of the statute . . . .'"'"  (*People v. Murphy* (2001) 25 Cal.4th 136, 142.)"  (*People v. Brookfield* (2009) 47 Cal.4th 583, 592; accord, *In re Reeves* (2005) 35 Cal.4th 765, 783.)

Our Supreme Court discussed the Realignment Act in *People v. Scott* (2014) 58 Cal.4th 1415, 1418-1419:  "In 2011, the Legislature enacted and amended the [Realignment Act] (Stats. 2011, ch. 15, § 1; Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1 . . . .  [T]he Realignment Act significantly changes the punishment for some felony convictions.  Under the terms of the Act, low-level felony offenders who have neither current nor prior convictions for serious or violent offenses, who are not required to register as sex offenders and who are not subject to an enhancement for multiple felonies involving fraud or embezzlement, no longer serve their sentences in state prison.  Instead, such offenders serve their sentences either entirely in county jail or partly in county jail and partly under the mandatory supervision of the county probation officer.  (. . . § 1170, subd. (h)(2), (3), (5).)  Felony offenders who are sentenced to county jail may be eligible for a county home detention program in lieu of confinement (§ 1203.016, subd. (a)) and are not subject to parole, which extends only to persons who have served state prison terms.  (§ 3000 et seq.)  The Legislature provided that the sentencing changes made by the Realignment Act 'shall be applied prospectively to any person sentenced on or after October 1, 2011.'  (§ 1170, subd. (h)(6) . . . .)"  (Fn. omitted.)  Defendant's sentences were imposed after October 1, 2011.  Therefore, the Realignment Act applies to him. (§ 1170, subd. (h)(6); *People v. Scott, supra,* 58 Cal.4th at p. 1419.)

Under the Realignment Act, felonies are punishable by state prison custody *unless* the governing statute reflects that the offense is punishable pursuant to section 1170, subdivision (h).  If the governing statute so provides that the offense is punishable pursuant to section 1170, subdivision (h), the felony sentence must be served in the

10

county jail. Section 18 governs felony punishment generally. As amended by the Realignment Act, section 18, subdivision (a) states, "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the *state prison* unless the offense *is punishable pursuant to subdivision (h) of Section 1170.*" (Italics added.) With exceptions not applicable to defendant, section 1170, subdivision (h) states in part: "(1) . . . [A] felony *punishable pursuant to this subdivision* where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a *county jail* for 16 months, or two or three years. [¶] (2) . . . [A] felony *punishable pursuant to this subdivision* shall be punishable by imprisonment in a *county jail* for the term described in the underlying offense." (Italics added.) By its express terms, section 1170, subdivision (h) is invoked when a crime is punishable pursuant to that subdivision.

Vehicle Code section 2800.2, subdivision (a) states in part: "(a) If a person flees or attempts to elude a pursuing peace officer . . . and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, *shall be punished by imprisonment in the state prison,* or by confinement in the county jail for not less than six months nor more than one year. The court may also impose a fine . . . or may impose both that imprisonment or confinement and fine." (Italics added.) Vehicle Code section 2800.2, subdivision (a) is an alternative felony-misdemeanor offense. (*People v. Statum* (2002) 28 Cal.4th 682, 685; see *People v. Williams* (2005) 35 Cal.4th 817, 831.) A felony violation of that statute is expressly punishable by imprisonment in the state prison. (§ 2800.2, subd. (a); see *People v. Statum, supra,* 28 Cal.4th at pp. 685, 700.) Vehicle Code section 2800.2, subdivision (a) was not amended by the Realignment Act. A felony violation of Vehicle Code section 2800.2, subdivision (a) is not expressly punishable to section 1170, subdivision (h).

Vehicle Code section 42000, which governs the terms imposed for felony violations of the Vehicle Code generally, does not apply to Vehicle Code section 2800.2, subdivision (a). Vehicle Code section 42000 was consistent with Vehicle Code section 2800.2, subdivision (a) prior to the Realignment Act. Prior to realignment, Vehicle Code

11

section 42000 stated: "Unless a different penalty is expressly provided by this code, every person convicted of a felony for a violation of any provision of this code shall be punished by a fine . . . or by *imprisonment in the state prison* or by both such fine and imprisonment." (Stats. 1983, ch. 1092, § 401, italics added.)  As amended by the Realignment Act, Vehicle Code section 42000 provides: "Unless a *different penalty is expressly provided by this code*, every person convicted of a felony for a violation of any provision of this code shall be punished by a fine of not less than one thousand dollars ($1,000) or more than ten thousand dollars ($10,000), *or by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code*, or by both such fine and imprisonment." (Stats. 2011, ch. 15, § 615, italics added.)  The post-realignment version of Vehicle Code section 2800.2, subdivision (a) falls within the initial phrase of Vehicle Code section 42000, "Unless a different penalty is expressly provided by this code . . . ."

Unlike other vehicle related criminal provisions, Vehicle Code section 2800.2, subdivision (a) was not amended by the Realignment Act to delete the "imprisonment in the state prison" language.  The Legislature could have amended Vehicle Code section 2800.2, subdivision (a) to provide for realignment sentencing if that was its intent.  In 639 separate sections, the Realignment Act amended individual criminal statutes from various codes to delete a reference to the "imprisonment in the state prison" language.  In those 639 separate sections, the "imprisonment in the state prison" requirement was replaced by the imprisonment "pursuant to subdivision (h) of Section 1170 of the Penal Code" language.  (Stats. 2011, ch. 15, §§ 1-639.)  This includes 17 Vehicle Code sections, specifically, Vehicle Code sections 2478, 2800.4, 4463, 10501, 10752, 10801, 10802, 10803, 10851, 21464, 21651, 23104, 23105, 23109, 23109.1, 23110 and 23550.  (Stats. 2011, ch. 15, §§ 598-614.)  Vehicle Code section 2800.2, subdivision (a) was not among the amended Vehicle Code provisions.

Similar amendments to a related Vehicle Code provision support our conclusions in this regard.  The Vehicle Code provisions amended by the Realignment Act include Vehicle Code section 2800.4, evading a police officer by driving in the wrong direction on a highway.  This offense is very similar to the Vehicle Code section 2800.2,

12

subdivision (a) evading offense found in this case—evading a police officer by driving in a reckless manner. Prior to the Realignment Act, Vehicle Code section 2800.4 provided: "Whenever a person willfully flees or attempts to elude a pursuing peace officer in violation of Section 2800.1, and the person operating the pursued vehicle willfully drives that vehicle on a highway in a direction opposite to that in which the traffic lawfully moves upon that highway, the person upon conviction is punishable by imprisonment for not less than six months nor more than one year in a county jail or by imprisonment *in the state prison,* or by a fine . . . , or by both that fine and imprisonment." (Stats. 2006, ch. 688, § 1, p. 5608, italics added.) As originally amended by the Realignment Act, Vehicle Code section 2800.4 provided, "[T]he person upon conviction [of a felony violation] is punishable by imprisonment for not less than six months nor more than one year in a county jail or by imprisonment pursuant to subdivision (h) of Section 1170 . . . ." (Stats. 2011, ch. 15, § 599, p. 600.) However, in 2012, the Legislature again amended section 2800.4. As amended in 2012, Vehicle Code section 2800.4 states in part: "[T]he person upon conviction is punishable by imprisonment for not less than six months nor more than one year in a county jail or by imprisonment in the state prison . . . ." (Stats. 2012, ch. 43, § 111, p. 2043.) As amended in 2012, a felony violation of Vehicle Code section 2800.4 must be served in state prison.

Division Six of the Court of Appeal for this appellate district addressed the present issue with respect to Vehicle Code section 23550.5, subdivision (a). In *People v. Guillen* (2013) 212 Cal.App.4th 992, 995-996, the defendant was convicted of a felony violation of Vehicle Code section 21352, subdivision (a) driving under the influence. The defendant admitted he had previously been convicted of driving under the influence within the meaning of Vehicle Code section 23550.5, subdivision (a). Vehicle Code section 23550.5, subdivision (a) specifies that certain recidivists, including the defendant, be punished "by imprisonment in the state prison" or county jail confinement for less than one year. There is no reference in Vehicle Code section 23550.5, subdivision (a) to sentencing in county jail pursuant to section 1170, subdivision (h). Our colleagues in Division Six of this appellate district affirmed the state prison commitment. They

13

reasoned: Vehicle Code section 23550.5, subdivision (a) does not refer to imprisonment pursuant to section 1170, subdivision (h); other statutes defining many other substantive offenses were amended to provide for felony punishment under section 1170, subdivision (h); and, "[B]y failing to include language in [Vehicle Code] section 23550.5 authorizing punishment pursuant to . . . section 1170, subdivision (h), the Legislature intentionally excluded defendants convicted of that offense from eligibility for a county jail sentence." (*People v. Guillen, supra,* 212 Cal.App.4th at pp. 995-996.)  Our Division Six colleagues further held:  "[Defendant's] reliance upon section 42000 is misplaced because that section states that it applies '[u]nless a different penalty is expressly provided by this code.'  Section 23550.5, subdivision (a) provides for 'imprisonment in the state prison or confinement in a county jail.'  Penal Code section 18, subdivision (a) then claries that unspecified term:  'Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the state prison unless the offense is punishable pursuant to subdivision (h) of Section 1170.'" (*People v. Guillen, supra,* 212 Cal.App.4th at p. 996.)

The analysis in *Guillen* is controlling.  Vehicle Code section 2800.2, subdivision (a) does not state that a felony violation is punishable pursuant to section 1170, subdivision (h).  Instead, Vehicle Code section 2800.2, subdivision (a) expressly states that a felony violation shall be punished by imprisonment in the state prison.  Other criminal provisions of the Vehicle Code, including section 2800.4, were amended as part of the Realignment Act.  Vehicle Code section 2800.2, subdivision (a) was not.  By not amending Vehicle Code section 2800.2, subdivision (a) the Legislature excluded section 2800.2, subdivision (a) from realignment sentencing.  Moreover, the Legislature's amendments to Vehicle Code section 2800.4 are telling:  Vehicle Code section 2800.4, like Vehicle Code section 2800.2, criminalizes eluding a peace officer in a specific manner; Vehicle Code section 2800.4 applies to a person who drives backwards; Vehicle Code section 2800.2, subdivision (a) applies to a person who drives recklessly; and Vehicle Code section 2800.4 was amended in 2011 to provide for realignment

14

sentencing; Vehicle Code section 2800.4 was later amended in 2012 to reinstate state prison sentencing. The Legislature has clearly indicated it considers driving recklessly while eluding a peace officer not to be a low-level felony. Defendant was correctly sentenced to state prison.

[Part III(B)(2) is deleted from publication. See *post* at page 23 where publication is to resume.]

## 2. Sentencing Issues

### a. Unpaid assessments, penalties and fines

The October 28, 2014 supplemental probation report in case No. YA083992 reflects unpaid fines in the sum of $3,852. We asked the parties to brief the following questions. "Was the trial court obligated to impose and must the abstract of judgment reflect the balance of unpaid fines in the sum of $3,852 set forth in the October 2[8], 2014 probation report? Or should the trial court be directed to calculate the amount of unsatisfied assessments, penalties and fines imposed in case Nos. Y[A]087652 and YA083992 and include only those unpaid sums on the abstract of judgment?" The parties agree, upon remittitur issuance, the trial court should calculate the amount of unsatisfied assessments, penalties and fines and include only those unpaid sums on an amended abstract of judgment. (See *People v. High* (2004) 119 Cal.App.4th 1192, 1200; *People v. Sanchez* (1998) 64 Cal.App.4th 1329, 1331-1332.)

In making that calculation, the trial court must consider the following. In case No. YA083992, on April 23, 2012, when a suspended sentence was imposed and probation was initially granted in the felony evading matter, the following was imposed: a $240 restitution fine (§ 1202.4, subd. (b)); a $240 probation revocation restitution fine (§ 1202.44); a $240 parole revocation restitution fine (§ 1202.45); a $40 court operations assessment (§ 1465.8, subd. (a)(1)); and a $30 court facilities assessment. (Gov. Code,

15

§ 70373, subd. (a)(1).) The parole revocation restitution fine is discussed below. Also in case No. YA083992, on May 2, 2013, when defendant's probation was revoked and reinstated, the stay on the $240 section 1202.44 probation revocation restitution fine was lifted. In case No. YA087652, on September 11, 2013, when probation was initially granted, the following was imposed in the section 71 matter: a $280 restitution fine (§ 1202.4, subd. (b)); a $280 probation revocation restitution fine (§ 1202.44); a $40 court operations assessment (§ 1465.8, subd. (a)(1)); and a $30 court facilities assessment. (Gov. Code, § 70373, subd. (a)(1)). Upon remittitur issuance, the trial court is to calculate the unpaid sums. Thereafter, the trial court is to supervise the preparation of an amended abstract of judgment that specifically sets forth the amounts and statutory bases therefore. (*People v. Johnson* (2015) 234 Cal.App.4th 1432, 1459; *People v. Hamed* (2013) 221 Cal.App.4th 928, 937-940.)

b. Restitution fines

i. overview of restitution fine structure

Sections 1202.44 and 1202.45 impose revocation restitution fines. Section 1202.44 imposes a probation revocation restitution fine. And section 1202.45 imposes parole, postrelease community supervision or mandatory supervision revocation restitution fines. Where applicable, the revocation restitution fine must be in the same amount as the section 1202.4, subdivision (b)(1) restitution fine. (§§ 1202.44 ["in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4"]; 1202.45, subd. (a) [same].)

ii. additional section 1202.44 probation revocation restitution fines

Section 1202.4, subdivision (b)(1) restitution fines and section 1202.44 probation revocation restitution fines were imposed in each case upon defendant's convictions. The

16

restitution and probation revocation restitution fines were imposed on April 23, 2012, $240 in case No. YA083992 and on September 11, 2013, $280 in case No. YA087652. On January 2, 2015, when defendant was erroneously sentenced to county jail, the trial court orally imposed "additional" probation revocation restitution fines under section 1202.44 of $240 in case No. YA083992 and $280 in case No. YA087652. No section 1202.44 probation revocation restitution fine is included in the abstract of judgment. It is well established that revocation restitution fines may be imposed only once, at the time of conviction. The trial court had no authority to impose additional section 1202.44 probation revocation restitution fines when it sentenced defendant on January 2, 2015. (*People v. Preston* (2015) 239 Cal.App.4th 415, 422-423; *People v. Rios* (2013) 222 Cal.App.4th 542, 575-576; *People v. Perez* (2011) 195 Cal.App.4th 801, 805; *People v. Cropsey* (2010) 184 Cal.App.4th 961, 964-966; *People v. Chambers* (1998) 65 Cal.App.4th 819, 822-823.) As discussed above, upon remittitur issuance, the trial court is to calculate the amount of assessments, penalties and fines imposed in the cases including: probation restitution (§ 1202.4, subd. (b)); probation revocation restitution fines (§ 1202.44); and parole or supervision revocation restitution fines (§ 1202.45.) Further, the trial court is to personally supervise preparation of the amendments to the corrected abstract of judgment to reflect only the unpaid sums and their statutory bases.

iii. section 1202.45 parole revocation restitution fines

The abstract of judgment reflects section 1202.45 parole revocation restitution fines in the amount of $240 in case No. YA083992 and $280 in case No. YA087652. However, no section 1202.45 parole revocation restitution fine was orally imposed in either case on January 2 or 9, 2015. No section 1202.45 parole revocation restitution fine was ever imposed at any time in case No. YA087652. A $240 parole revocation restitution fine was imposed in case No. YA083992 at the time of defendant's felony evading conviction, on April 23, 2012. At that time, defendant entered a no contest plea, received a suspended three-year state prison sentence and was granted probation. It was

17

error to impose the section 1202.45 parole revocation restitution fine on April 23, 2012, because defendant was placed on probation which does not include a period of parole. (*People v. Hunt* (2013) 213 Cal.App.4th 13, 16-20; *People v. Hannah* (1999) 73 Cal.App.4th 270, 272-275; but see contra, *People v. Preston, supra,* 239 Cal.App.4th at pp. 419, 423-425; *People v. Calabrese* (2002) 101 Cal.App.4th 79, 86-87; *People v. Tye* (2000) 83 Cal.App.4th 1398, 1400-1402.)

But, as to both cases, the trial court should have imposed parole revocation restitution fines on January 9, 2015, when it sentenced defendant to state prison. (*People v. Smith* (2001) 24 Cal.4th 849, 853 [when a trial court imposes a § 1202.4, subd. (b)(1) restitution fine where the sentence includes parole, it must also impose a § 1202.45 parole revocation restitution fine]; *People v. Tillman* (2000) 22 Cal.4th 300, 302 [same]; see *People v. Hunt, supra,* 213 Cal.App.4th at pp. 16-20; *People v. Hannah, supra,* 73 Cal.App.4th at pp. 272-275.) The failure to do so resulted in an unauthorized sentence which this court may correct on appeal. (*People v. Rodriguez* (2000) 80 Cal.App.4th 372, 378; *People v. Terrell* (1999) 69 Cal.App.4th 1246, 1255.) Accordingly, the January 9, 2015 oral pronouncement of judgment is modified to acknowledge the previously imposed parole revocation restitution fine in the amount of $240 in case No. YA083992. Also, the oral pronouncement of judgment is modified to impose a parole revocation restitution fine in the amount of $280 in case No. YA087652. The abstract of judgment is therefore correct insofar as it reflects those fines subject to the trial court's determination whether they remain unpaid.

c. Presentence custody credit

The trial court awarded defendant 475 days of presentence custody credit and 474 days of conduct credit. The abstract of judgment erroneously reflects only 110 days of actual custody credit. We asked the parties to brief the question whether defendant's presentence custody credits were properly calculated. The failure to award a correct amount of credits is a jurisdictional error, which may be raised at any time. (*People v.*

18

*Smith* (2001) 24 Cal.4th 849, 854; *People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Cardenas* (2015) 239 Cal.App.4th 220, 235; *People v. Chilelli* (2014) 225 Cal.App.4th 581, 591.)

Following additional briefing, we find defendant was entitled to 401 days of actual presentence custody credit as follows:  183 days served as a condition of his probation; 15 days served after his probation was revoked, from January 23 to February 6, 2013; 87 days served while awaiting probation revocation proceedings, from June 17 to September 11, 2013; 6 days served after probation was revoked, from November 13 to 18, 2013; and 110 days in custody after probation was revoked on September 15, 2014 and defendant was remanded to custody, until defendant was sentenced *and released*, on January 2, 2015.  The trial court erroneously found defendant had served 365 actual days in county jail as a probation condition in case No. YA083992, the felony evading case.  Defendant was entitled to release after serving one-half of his 365-day term.  There is no substantial evidence defendant was unlawfully confined after serving 183 days in custody.  And, there is a rebuttable presumption that he in fact was not held beyond the maximum period of confinement.  (Evid. Code, § 664; *People v. Hinze* (1950) 97 Cal.App.2d 1, 3 [it is presumed the sheriff correctly released the prisoner at the conclusion of the sentence].)  There is no evidence defendant was held for 365 rather than 183 days.

Also, defendant argues he is entitled to custody credit for 120 days served from September 15, 2014, when his probation was revoked, until January 12, 2015.  As noted, on January 12, 2015, defendant was sentenced to prison.  Defendant was incorrectly sentenced to the county jail on January 2, 2015, released from custody and ordered to return on January 9, 2015.  Defendant was not in custody from January 2 through 9, 2015, when he was correctly sentenced to state prison.  Nor was he in custody between January 9 through 12, 2015, when he surrendered to custody.  As noted, defendant was entitled to credit for 110 days in custody after his probation was revoked on September 15, 2014, until his January 2, 2015 release from custody.

Further, defendant argues he is entitled to 64 days credit for actual time served on the subordinate section 71 conviction, case No. YA087652.  On September 11, 2013,

19

defendant was placed on probation and required to serve 365 days in the county jail as a result of the section 71 conviction. Defendant was awarded 182 days of presentence credits for time actually served and proper conduct. However, it was not until November 13, 2013, when probation was revoked in case No. YA083992. Defendant argues that he was not in custody between September 11 and November 13, 2013, on the felony evading principal term. Thus, defendant argues he is entitled to credit for time served between September 11 and November 13, 2013 on the section 71 subordinate term. (*People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1413-1415; see 3 Witkin and Epstein, Cal. Criminal Law (4th ed. 2012) § 471, p. 749.) It is defendant's burden to establish he is entitled to those credits. (*People v. Jacobs* (2013) 220 Cal.App.4th 67, 81; *People v. Huff* (1990) 223 Cal.App.3d 1100, 1106.) The record before us does not support that claim.

The record as to certain parts of defendant's custody is unclear. The September 11, 2013 reporter's transcript reflects: defendant pled no contest to the section 71 charge; he was placed on 3 years formal probation; and he was ordered to serve 1 year in county jail, with credit for 182 days. In 2013, defendant would typically be released from custody after serving 183 days in county jail on a 1-year term. (*People v. Brown* (2012) 54 Cal.4th 314, 319-328; *People v. Garcia* (2012) 209 Cal.App.4th 530, 541.) Additionally, the trial court inquired of defendant's counsel, Deputy Public Defender Richard Ewell, "When is he going to be out?" Mr. Ewell responded: "He has credit for 180 days, so maybe at the most 30 days." Thirty days from September 11 was October 11, 2013. According to the probation officer's report dated November 8, 2013, defendant reported "in office" to a probation officer on September 24, 2013. At that time, defendant submitted proof of enrollment at Behavioral Health Services. Defendant was given a follow-*up* appointment for October 23, 2013, but failed to appear on that date. At the outset of the November 13, 2013 hearing, Mr. Ewell advised the trial court, "He's out of custody." At the outset of the November 18, 2013 hearing, a Monday, Mr. Ewell represented: "Mr. Butcher came in out of custody on Wednesday, [November 13,] but the court was concerned because he had missed a probation meeting in October. I had explained to the court that Mr. Butcher had said that he missed the meeting and he didn't

20

have a valid legal excuse for not going to the probation meeting, but that his parents had gone out of town to Arizona.  [¶]  He was having trouble with transportation.  He was planning on going to the probation department on Wednesday [November 13] right after he left court, however, he was taken into custody.  I do have proof that he is . . . attending [Narcotics Anonymous] meetings.  I have a sign-in sheet right here.  Looks like he is attending [Narcotics Anonymous] meetings three times a week."

To summarize the uncertain record:  as a result of his conviction for violating section 71 on September 11, 2013, defendant was ordered to serve 365 days in county jail as a condition of probation; defendant received presentence credits for time served and proper conduct of 182 days; this amount of credit would typically lead to the imminent release of county jail inmates serving a 1-year term imposed as a probation condition; defense counsel calculated defendant would be released from county jail on or about October 11, 2013; defendant was arrested in Redondo Beach for peace officer assault on September 13, 2014; defendant reported in person to a probation officer on September 24, 2013; defendant was not in custody when the meeting with a probation officer was missed in October 2014; defendant had been attending Narcotics Anonymous meetings in the fall of 2013; defendant was not in custody on November 13, 2013; and defendant was taken into custody on November 13, 2013, as he left a courthouse.  Defendant has not shown he was in custody in case No. YA087652 from September 11, 2013, when he was placed on probation and required to serve 365 days in county jail, until November 13, 2013.  As noted, on November 13, 2013, probation was revoked in the felony evading matter, case No. YA083992.  Based upon the evidentiary record presented to us in the context of a direct appeal, defendant has failed to demonstrate his right to additional credits against the subordinate term.

d. excess credits

Defendant argues he has excess credits that should be applied to reduce his fines at a rate of $30 per day.  (Former § 2900.5, subd. (a); *People v. Morris* (2015) 242 Cal.App.4th 94, 99-101; *People v. Robinson* (2012) 209 Cal.App.4th 401, 406.)  At the time defendant committed his crimes, section 2900.5, subdivision (a) provided that excess custody credit was to be credited to fines, including restitution fines, at a rate of not less than $30 per day.  (Stats. 2011, ch. 15, § 466, eff. April 4, 2011, op. Oct. 1, 2011-Dec. 31, 2013, italics added.)  Section 2900.5, subdivision (a) was subsequently amended to delete the reference to restitution fines.  (Stats. 2013, ch. 59, § 7.)Defendant has been sentenced to state prison for 3 years and 8 months, or, assuming a 30-day month, 1,335 days.  Defendant is entitled to 583 days of custody credit and 582 days of conduct credit. (*People v. Chilelli* (2014) 225 Cal.App.4th 581, 591.)  This means defendant was entitled to a total of 1,165 days of credit against the prison sentence.  Defendant has not shown that his credits exceed his sentence.

In his supplemental reply brief filed on January 25, 2016, defendant argues that his excess credits must be applied to his community supervision after he was released from prison.  Defendant adds a caveat to this argument, "[T]o the extent [defendant] is still subject to community supervision."  Defendant has been sentenced to state prison.  The trial court awarded him excessive presentence credits.  There is no evidence he is currently subject to any period of community supervision.  Therefore, there is no evidence of excessive custody credits that can be applied to reduce any community supervision period.

22

[The balance of the opinion is to be published.]

IV.  DISPOSITION

The finding defendant violated the terms of his probation is affirmed.  The state prison sentence is affirmed.  The January 2, 2015 oral pronouncement of judgment is modified to omit the *additional* probation revocation restitution fines (Pen. Code, § 1202.44) imposed in each case.  The January 9, 2015 oral pronouncement of judgment is modified to:  acknowledge the previously imposed parole revocation restitution fine in the amount of $240 in case No. YA083992; impose a parole revocation restitution fine in the amount of $280 in case No. YA087652; and order 583 days of presentence custody credit and 582 days of conduct credit for a total of 1,165 days of credit.  Upon remittitur issuance, the abstract of judgment must be amended to reflect those credits.  Also upon remittitur issuance, the trial court is to calculate the amount of unsatisfied assessments, penalties and fines.  An amended abstract of judgment is to be prepared that specifically sets forth the amounts and statutory bases thereof.  The trial court is to actively and personally ensure the clerk accurately prepares a correct amended abstract of judgment which reflects the modifications we have ordered.  (*People v. Acosta* (2002) 29 Cal.4th 105, 109, fn. 2; *People v. Chan* (2005) 128 Cal.App.4th 408, 425-426.)

CERTIFIED FOR PARTIAL PUBLICATION

TURNER, P. J.

We concur:

BAKER, J.          KUMAR, J.[*]

---

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

23