Filed 11/3/15; pub. order 11/12/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041781 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1350962) |
| v. | |
| RONALD DEAN MORRIS, | |
| Defendant and Appellant. | |

## I. INTRODUCTION

Defendant Ronald Dean Morris pleaded no contest to the felony charge of petty theft with three or more prior theft convictions (Pen. Code, § 666, subd. (a)),[1] and admitted the allegations that he had one prior violent or serious felony conviction (§ 667, subds. (b)-(i)) that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) and he had served two prior prison terms (§ 667.5, subd. (b)). The trial court imposed a term of four years in the state prison. Defendant

---

[1] All statutory references hereafter are to the Penal Code unless otherwise indicated.

appealed and this court affirmed the judgment in *People v. Morris* (June 27, 2014, H040326) [nonpub. opn.] (*Morris I*).[2]

In November 2014 defendant filed a petition for resentencing pursuant to section 1170.18, subdivision (a). Section 1170.18 was enacted by Proposition 47, the Safe Neighborhoods and Schools Act (the Act). (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014), effective Nov. 5, 2014.) The trial court granted the petition on November 10, 2014, and resentenced defendant as a misdemeanant.

On appeal, defendant contends that the trial court erred in failing to apply his excess custody credits to satisfy the $200 restitution fine imposed under section 1202.4. For the reasons stated below, we agree and therefore we will order the trial court to modify the judgment to reflect that the restitution fine imposed under section 1202.4 has been satisfied in full by defendant's excess days spent in custody.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Morris I*

On January 26, 2013, defendant entered a Costco store, concealed a laptop computer under his shirt, and left the store without paying for it. The theft was discovered when a store employee found an empty laptop box. The store manager reviewed video surveillance and distributed a photograph of defendant to store personnel. When defendant returned to the Costco store a few days later, he was recognized and the laptop theft was reported to the Santa Clara Police Department. At the time of his arrest, defendant admitted that he had taken the laptop and used it to pay a debt.

---

[2] Defendant's request for judicial notice of the record on appeal in *Morris I*, *supra*, H040326 was granted in the order of October 7, 2015. This court also takes judicial notice of the prior opinion in *Morris I*. (Evid. Code, § 452, subd. (d)(1).) Our summary of the factual and procedural background includes some information that we have taken from the prior opinion.

The complaint filed in February 2013 charged defendant with one felony count of petty theft with three or more prior theft convictions (§ 666, subd. (a)) and alleged that he had one prior violent or serious felony conviction (§ 667, subds. (b)-(i)) that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) and he had served two prior prison terms (§ 667.5, subd. (b)).

On July 10, 2013, defendant pleaded no contest to the charge of petty theft with three or more prior theft convictions (§ 666, subd. (a)) and admitted the allegations that he had a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and two prison priors (§ 667.5, subd. (b)).  After denying defendant's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, the trial court imposed the indicated maximum sentence of four years.

The trial court ordered defendant to pay a $280 restitution fine (§ 1202.4, subd. (b)(2)) and suspended the imposition of a $280 parole revocation restitution fine (§ 1202.45).  The court also ordered payment of a court security fee of $40 (§ 1465.8, subd. (a)(1)), a criminal conviction assessment fee of $30 (Gov. Code, § 70373), and payment of direct victim restitution in the amount of $719 (the value of the laptop) to Costco.

### B.  *Petition for Resentencing*

Defendant filed a petition for resentencing pursuant to section 1170.18, subdivision (a) on November 5, 2014.  In his petition, defendant asserted that he was eligible to be resentenced on his section 666, subdivision (a) conviction (petty theft with three or more prior theft convictions), that he had no disqualifying convictions, and that he was still serving his sentence.  He requested that his sentence be recalled and his conviction converted to a misdemeanor for all purposes.

The trial court granted the petition for resentencing on November 10, 2014, and reduced defendant's section 666 felony conviction to a misdemeanor.  The court ordered defendant to serve a six-month jail term, pay a restitution fund fine of $200 pursuant to

3

section 1202.4, and pay restitution of $719 to Costco. Additionally, the court imposed and suspended a revocation restitution fine of $200 pursuant to section 1202.45. All other fines, fees, and assessments were waived. The court discharged defendant from parole, denied probation, and ordered that defendant be subject to community supervision.

## III.  DISCUSSION

Defendant filed a timely notice of appeal from the trial court's November 10, 2014 sentencing order. On appeal, defendant argues that the trial court erred in failing to apply his excess custody credits to his restitution fine of $200, which would completely satisfy his obligation to pay a restitution fine. We will begin our evaluation with a brief summary of the provisions of Proposition 47.

### A.  *Proposition 47*

On November 4, 2014, the voters enacted Proposition 47, which reclassified certain felony drug and theft related offenses as misdemeanors and enacted a new statutory provision, section 1170.18, whereby a person serving a felony sentence for the reclassified offenses may petition for a recall of his or her sentence. (§ 1170.18, subd. (a).)

Section 1170.18 applies to "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense." (§ 1170.18, subd. (a).) Under section 1170.18, subdivision (a), such a person "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, . . . as those sections have been amended or added by this act." Section 1170.18, subdivision (b) specifies the procedure for a trial court to follow "[u]pon receiving a petition under subdivision (a)."

4

Proposition 47 also provides a remedy by which "[a] person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense," may have his or her felony conviction or convictions designated as misdemeanors. (§ 1170.18, subd. (f).) Such a person "may file an application before the trial court that entered the judgment of conviction in his or her case" (*ibid.*), and "[i]f the application satisfies the criteria . . . , the court shall designate the felony offense or offenses as a misdemeanor" (*id.*, subd. (g)).

As to other rights and remedies, Proposition 47, as codified at section 1170.18, subdivision (m), provides that "[n]othing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." We therefore turn to an overview of the right formerly provided by section 2900.5, subdivision (a), to the application of excess custody credits to a restitution fine.

**B.** *Application of Excess Custody Credits to a Restitution Fine*

"[S]ection 1202.4, subdivision (b) requires every person convicted of a crime to pay a restitution fine: 'In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.' A restitution fine is not paid by the defendant directly to the victim. Instead, it 'shall be deposited in the Restitution Fund in the State Treasury' (§ 1202.4, subd. (e)), from which crime victims may obtain compensation through an application process (see Gov. Code, §§ 13950-13960)." (*People v. Villalobos* (2012) 54 Cal.4th 177, 181.)

Under section 2900.5, subdivision (a), a defendant's excess custody credits may be applied to reduce the amount of certain court-ordered fines. At the time of defendant's offense on January 26, 2013, former section 2900.5, subdivision (a) provided that excess custody credits could be applied to a restitution fine: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, . . . all

5

days of custody of the defendant, . . . shall be credited upon his or her term of imprisonment, or credited to any fine on a proportional basis, including, but not limited to, *base fines and restitution fines*, which may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence. If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served. *In any case where the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine on a proportional basis, including, but not limited to, base fines and restitution fines.*" (Italics and underscoring added.)

The Legislature amended section 2900.5, subdivision (a) in July 2013 by eliminating restitution fines from the fines to which excess custody credits may be applied. (Stats. 2013, ch. 59, § 7.) According to the legislative history for the 2013 amendments to section 2900.5, this amendment was intended to make section 2900.5 consistent with section 1205,[3] which provides that a restitution fine may not be satisfied by the time a defendant is in custody. (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 514 (2013-2014 Reg. Sess.) as amended April 23, 2013, p. 1.) The bill analysis for Senate Bill No. 514 states: "This bill clarifies that [a] term of imprisonment cannot satisfy a restitution fine." (*Ibid.*)

Section 2900.5, subdivision (a) currently provides in pertinent part: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been

---

[3] Section 1205, subdivision (a) provides in pertinent part: "A defendant held in custody for nonpayment of a fine shall be entitled to credit on the fine for each day he or she is held in custody, at the rate specified in the judgment." Subdivision (f) of section 1205 provides: "This section shall not apply to restitution fines and restitution orders."

6

in custody, . . . all days of custody of the defendant, . . . shall be credited upon his or her term of imprisonment, or credited to any fine, including, but not limited to, base fines, on a proportional basis, that may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence.  If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served.  In any case where the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine, including, but not limited to, _base fines_, on a proportional basis."  (Italics and underscoring added.)

We next consider whether, under these statutory provisions, defendant is entitled to have his excess custody credits applied to his restitution fine.

### C. *Analysis*

According to defendant, he has excess custody credits in the amount of 297 days, calculated by subtracting his jail term of 180 days from his total credit of 477 days. Defendant contends that pursuant to section 2900.5, subdivision (a), his excess custody credits should be applied to his $200 restitution fine at the rate of $30 per day, which would " 'zero out' the $200 fine."  Although defendant admits that he did not request this remedy at the time of the November 10, 2014 resentencing hearing, he argues that the trial court's error in failing to apply his excess custody credits to his restitution fine constitutes an unauthorized sentence that is not forfeited by failure to object below.

In their respondent's brief, the People conceded that under section 2900.5, subdivision (a), defendant is entitled to have his excess custody credits applied to his $200 restitution fine.  The People relied on the decision in *People v. Morales* (2015) 238 Cal.App.4th 42, review granted August 26, 2015, S228030.  In a supplemental letter brief, the People withdrew their concession based on the more recent decision in *People v. McCoy* (2015) 239 Cal.App.4th 431, review granted October 14, 2015,

7

S229296 (*McCoy*). The People now assert that the *McCoy* decision correctly determined that under the current version of section 2900.5, subdivision (a), excess custody credits may not be applied to satisfy a restitution fine. The People do not raise any issue regarding forfeiture in either their supplemental letter brief or their respondent's brief.

In reply, defendant argues that under the ex post facto clauses of the California Constitution (Cal. Const., art. I, § 9) and the United States Constitution (U.S. Const., art I, § 10), he is entitled to apply his excess custody credits to his restitution fine pursuant to the version of section 2900.5, subdivision (a) in effect at the time of his offense in January 2013.

Our resolution of the issue is guided by the California Supreme Court's decision in *People v. Souza* (2012) 54 Cal.4th 90 (*Souza*), which states: "It is well established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions. [Citations.]" (*Id.* at p. 143.) In *Souza,* our Supreme Court determined that the amount of the restitution fine imposed on the defendant exceeded the statutory maximum at the time of his offenses, and therefore imposition of the restitution fine violated the ex post facto clause of the United States Constitution. (*Ibid.*)

Under *Souza*, the ex post facto clause applies to defendant's $200 restitution fine, and therefore the restitution fine is governed by the statutes in effect at the time of his offense. (See *Souza*, *supra*, 54 Cal.4th at p. 143.) As we have noted, when defendant committed his crime on January 26, 2013, former section 2900.5, subdivision (a) provided that excess custody credits should be applied to a restitution fine: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, . . . all days of custody of the defendant, . . . shall be credited upon his or her term of imprisonment, or credited to any fine on a proportional basis, including, but not limited to, *base fines and restitution fines*, which may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the

8

sentence. If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served. *In any case where the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine on a proportional basis, including, but not limited to, <u>base fines and restitution fines</u>.*" (Italics and underscoring added; see also *People v. Robinson* (2012) 209 Cal.App.4th 401, 406 [former section 2900.5, subdivision (a) applies to restitution fines].)

Consequently, we agree with defendant that his excess custody credits should be applied to his $200 restitution fine pursuant to former section 2900.5, subdivision (a). The People do not dispute defendant's calculation that he has excess custody credit of 297 days, which, when multiplied by the rate of $30 per day, far exceeds $200. Therefore, defendant's court-ordered obligation to pay a section 1202.4 restitution fine of $200 must be deemed satisfied by the application of his excess custody credit. In the interests of judicial economy, rather than remanding the matter, we will direct the trial court to modify the judgment to reflect that the $200 restitution fine has been satisfied in full pursuant to former section 2900.5, subdivision (a).

The reasoning in the decision in *McCoy*, *supra*, 239 Cal.App.4th 431 does not compel a different conclusion, since no issue was raised in *McCoy* regarding the application of the ex post facto clause. "An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided.' [Citations.]" (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620.)

## IV. DISPOSITION

The judgment is ordered modified by deeming the $200 restitution fine imposed under section 1202.4 to have been satisfied in full by defendant's excess days spent in custody pursuant to former section 2900.5, subdivision (a). As so modified, the judgment

9

is affirmed. The clerk of the superior court is directed to modify the abstract of judgment to reflect this modification and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P. J.



_____
MIHARA, J.




*People v. Morris*
**H041781**

Filed 11/12/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONALD DEAN MORRIS,<br><br>    Defendant and Appellant. | H041781<br>(Santa Clara County<br> Super. Ct. No. C1350962) |

THE COURT:

    The opinion in the above-entitled matter filed on November 3, 2015, was not certified for publication in the Official Reports. The Sixth District Appellate Program has requested the opinion be certified for publication. It appears that the opinion meets the standards set forth in California Rules of Court, rules 8.1105(c). The request is GRANTED. The opinion is ordered published in the Official Reports.

                                 _____

                                 BAMATTRE-MANOUKIAN, J.

                                 _____

                                 ELIA, ACTING P.J.

                                 _____

                                 MIHARA, J.

Trial Court: Santa Clara County Superior Court
Superior Court No.: C1350962

Trial Judge: Hon. Linda R. Clark

Attorney for Defendant and Appellant: Sixth District Appellate Program
Ronald Dean Morris William M. Robinson

Attorney for Plaintiff and Respondent: Office of the Attorney General
The People Eric D. Share, Supervising Deputy Attorney General

*People v. Morris*
**H041781**