Filed 4/19/16  P. v. Padilla CA6

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MELECIO ALEJANDRO PADILLA,<br><br>    Defendant and Appellant. | H041565, H042625<br>(Santa Clara County<br>Super. Ct. No. C1357044) |

Defendant Melecio Alejandro Padilla pleaded no contest to possession of methamphetamine, possession of drug paraphernalia, being under the influence of a controlled substance, and falsely identifying himself to a peace officer, all on May 14, 2013.  The trial court sentenced defendant to a total term of 32 months in prison.  In October 2014, defendant filed a notice of appeal in this court in case No. H041565.

In November 2014, defendant petitioned the trial court for resentencing under Proposition 47.  In January 2015, the court recalled the sentence under Penal Code section 1170, subdivision (d), and resentenced defendant as a misdemeanant to 18 months in county jail.  The court imposed a $140 restitution fine, among others.  Because defendant had 812 days of custody credits, the court deemed the sentence served.  The court denied defendant's motion to apply his excess custody credits to reduce his restitution fine.  Defendant appeals from that denial in case No. H042625.

The parties agree that the appeal in case No. H041565 is moot in light of the trial court's recall of the sentence initially imposed in 2014. We agree with the parties and will dismiss case No. H041565 as moot.

As to case No. H042625, the Attorney General concedes that the trial court erred by denying defendant's motion to apply his excess custody credits to reduce the restitution fine based on this court's recent opinion in *People v. Morris* (2015) 242 Cal.App.4th 94 (*Morris*). We accept the Attorney General's concession. We will reverse the order and remand with instructions to apply the excess custody credits to the restitution fine.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Facts of the Offense*[1]

On May 14, 2013, a San José police officer spotted defendant and another person riding their bicycles at night without headlights. The officer ordered the two riders to stop, but the other person fled. Defendant began riding away as well, but then stopped. The officer observed signs that defendant was intoxicated. When the officer asked defendant for identification, he falsely identified himself as Enrique Arreola.

The officer placed defendant under arrest. A search of his person yielded two plastic bindles containing 0.5 grams of methamphetamine, a glass pipe with burnt residue, and three shaven car keys. Defendant admitted giving the officer a false name and admitted he had recently smoked methamphetamine.

### B. *Procedural Background*

The prosecution charged defendant by felony complaint with four counts: Count One—Felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); Count Two—Possession of drug paraphernalia (former Health & Saf. Code, § 11364.1, subd. (a)); Count Three—Being under the influence of a controlled substance (Health &

---

[1] Our summary of the facts is based on the probation report.

Saf. Code, § 11550, subd. (a)); and Count Four—Providing false identification to a peace officer (Pen. Code, § 148.9).[2] The complaint further alleged defendant had suffered a prior conviction for a violent or serious felony and had previously served a prison term. (§§ 667, subds. (b)-(i), 667.5, subd. (b), 1170.12.)

On May 14, 2014, defendant admitted the allegations and pleaded no contest to the counts as charged in exchange for a maximum sentence of 32 months. On September 22, 2014, the trial court denied probation and imposed a term of 32 months in state prison on Count One. The court found that defendant had served 406 actual days in custody and had earned 406 days of good conduct credit for a total of 812 days of credit. As to each of Counts Two through Four, the court imposed sentences of one year in county jail, deemed served. On October 7, 2014, defendant filed a notice of appeal from this judgment in case No. H041565.

On November 26, 2014, defendant filed a petition for resentencing in the trial court under section 1170.18 (Proposition 47). The trial court held a hearing on the petition on January 6, 2015. The prosecution conceded defendant's eligibility for resentencing. When the trial court raised the issue of its jurisdiction given defendant's pending appeal, defendant moved for recall of the sentence under section 1170, subdivision (d). The prosecutor did not object. The court then recalled the sentence under section 1170 and resentenced defendant as a misdemeanant under section 1170.18, subdivision (b). The court denied probation and imposed a total sentence of 18 months in county jail, equal to one year for Count One plus six months for Count Three. The court imposed no additional terms for Counts Two and Four. The court found defendant had accrued 106 additional days of actual credit since the initial sentencing.

The trial court then imposed various fines and fees, including a $140 restitution fine; laboratory and drug program fees of $150 each, with penalty assessments; a court

---

[2] Subsequent undesignated statutory references are to the Penal Code.

operations security assessment of $160; a criminal conviction assessment of $120; and a criminal justice administration fee of $129.75.

On March 23, 2015, defendant moved under section 2900.5 to apply his excess custody credits against the fines and fees noted above. In a written order, the court found defendant had 264 days of excess credit at $30 per day, for a total monetary credit of $7,920. The trial court granted defendant's motion as to the drug program and laboratory fees but denied the motion as to the restitution fee, among others.

On July 22, 2015, defendant filed a notice of appeal from this order in case No. H042625. On September 2, 2015, defendant filed a motion in this court to consolidate the appeal in case No. H042625 with case No. H041565. We denied the motion but ordered the cases to be considered together for purposes of briefing, oral argument, and decision.

## II. DISCUSSION

Defendant contends the trial court erred by denying his motion to apply his excess custody credits against the restitution fine. The Attorney General concedes the merits of this claim. We agree with defendant and accept the Attorney General's concession.

Prior to January 1, 2014, section 2900.5, subdivision (a) provided that a defendant's excess custody credits "shall be credited upon his or her term of imprisonment, or credited to any fine on a proportional basis, including, but not limited to, base fines *and restitution fines*" at the rate of not less than $30 per day. (Former § 2900.5, subd. (a).) The Legislature subsequently amended section 2900.5, subdivision (a) by eliminating restitution fines from the fines to which excess custody credits may be applied, effective January 1, 2014. (Stats. 2013, ch. 59, § 7.) The trial court relied upon the amended version of the statute in denying application of defendant's excess custody credits to the restitution fine.

Defendant contends the court's order as to the restitution fine violated his ex post facto rights because he committed the underlying offense in May 2013, before the

4

amended version of section 2900.5 took effect.  This court ruled on this issue in *Morris*, *supra*, holding that the trial court's reliance on the amended statute violated defendant's ex post facto rights.  (*Morris*, *supra*, 242 Cal.App.4th at p. 102.)  The parties agree that *Morris* controls the outcome of this case, and we agree with the parties.  We will therefore reverse the order and remand to the trial court with directions to apply defendant's excess custody credits to the restitution fine.

Finally, the parties agree that the appeal in case No. H041565 is moot.  "A case is moot when the reviewing court cannot provide the parties with practical, effectual relief." (*City of San Jose v. International Assn. of Firefighters, Local 230* (2009) 178 Cal.App.4th 408, 417.)  Because the initial appeal was taken from a judgment that was subsequently recalled, we can provide no effectual relief as to that judgment. Accordingly, we will dismiss the appeal in case No. H041565 as moot.

### III.    DISPOSITION

The appeal in case No. H041565 is dismissed as moot.  In case No. H042625, the trial court's order denying the application of excess custody credits to the restitution fine under Penal Code section 2900.5 is reversed and the matter is remanded to the trial court. On remand, the trial court shall apply any excess custody credits to the restitution fine as required by the version of Penal Code section 2900.5 in effect at the time of the offense.

5

_____
Márquez, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Premo, J.