Filed 5/20/16  P. v. Mugica CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>VINCENT MUGICA,<br><br>    Defendant and Appellant. | G051237<br><br>(Super. Ct. No. 13WF0540)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Vickie L. Hix, Temporary Judge.  Reversed and remanded.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric Swenson and Barry Carlton, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Vincent Mugica appeals from the order granting his Proposition 47 resentencing petition. He contends the trial court erred in imposing parole under Penal Code section 1170.18, subdivision (d) (all further undesignated statutory references are to this code) because he had already served his sentence. We are not persuaded.

Alternatively, defendant argues his excess days spent in custody and time spent on post-release community supervision (PRCS) should be credited first against the year of parole and then to his outstanding fines and fees. The Attorney General responds that the price of a Proposition 47 sentence reduction is "a full one-year parole period." We disagree and conclude the trial court was required to ensure the parole period did not exceed his original sentence. As to applying defendant's excess custody credits to the parole period and any eligible fines, the issue is moot because defendant has no excess custody credits to apply.

Defendant also asserts the court should have reduced his restitution fine to the amount applicable to misdemeanor convictions, and stricken his controlled substance offender registration requirement. He has waived the issue with respect to the amount of the restitution fine ordered by the court. As to the controlled substance offender registration requirement, the order has been vacated and is thus moot.

FACTS AND PROCEDURAL HISTORY

On February 21, 2013, defendant Vincent Mugica pleaded guilty to possession of methamphetamine and misdemeanor violation of a protective order. The trial court struck two allegations of prior strike convictions from 1993 and 1995, sentenced defendant to two years in prison on count 1 and suspended sentencing on count 2.

On December 17, 2014, the court granted defendant's petition to have his felony conviction for possessing a controlled substance redesignated as a misdemeanor

2

under section 1170.18, subdivision (f).  The court gave defendant credit for time served, and placed him on parole for one year.

Almost eight months after defendant filed his notice of appeal, on August 12, 2016, the court issued an order stating, "1.  The sentence for Count 1 is changed to 364 days.  Count 2 is 365 consecutive for a total 729.  [¶] 2.  Defendant's excess credits of 8 days shall be applied to reduce his period on parole by 8 days to 357 days.  [¶] 3. Fines and fees remain.  [¶] 4.  The registration requirement under section 11590 of the Health and Safety Code is vacated for this matter."  Although no motion to augment appears in the record, a supplemental clerk's transcript was prepared and forwarded to this court.

DISCUSSION

*1.  August 12 Order*

We salute the court's initiative in changing defendant's custody credits and reducing his parole period, but believe it lacked jurisdiction to do so after the notice of appeal was filed.  Section 1237.1 gives trial courts concurrent jurisdiction to correct the calculation of presentence credits while an appeal is pending, but it applies only to mathematical or clerical errors, not substantive issues like these.  (*People v. Delgado* (2012) 210 Cal.App.4th 761.)  Those parts of the August 12 order are void.

The other parts of the August 12 order are valid, despite the pending appeal, because they corrected portions of defendant's original resentence that were unauthorized.  (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044; § 18.5 [offense punishable by imprisonment in a county jail not to exceed 364 days]; Health & Saf. Code, § 11590, subd. (c) [registration requirement does not apply to a misdemeanor conviction under Health & Saf. Code, § 11377].)

3

## 2. One Year of Parole

Defendant contends the court erroneously imposed one year of parole because he had already completed his sentence. We disagree.

Proposition 47 draws a distinction between defendants who are currently serving their original sentence and those who have already completed their sentence. While the law subjects defendants in the former category to one year of parole (§ 1170.18, subds. (a)-(d)), it does not require parole for defendants in the latter category (§ 1170.18, subd. (f)).

Although defendant acknowledges he was on PRCS at the time he filed his Proposition 47 petition, he nevertheless argues he was not "currently serving a sentence" within the meaning of section 1170.18, subdivision (a). Citing rules of statutory interpretation and *People v. Nuckles* (2013) 56 Cal.4th 601, he claims the word "sentence" in the phrase "currently serving a sentence" excludes time spent on parole or PRCS. Thus, he contends the court should not have imposed parole at all.

We have previously addressed these arguments in *People v. Morales* (2016) 238 Cal.App.4th 42 review granted August 26, 2015, S228030 (*Morales*), and continue to adhere to the position expounded therein and reaffirmed in *People v. Pinon* (2015) 283 Cal.App.4th 1232, review granted November 18, 2015, S229632, that a defendant serving a term of PRCS is still serving a sentence under section 1170.18, subdivision (a). We thus conclude the court here correctly imposed parole.

## 3. Parole Period Exceeding PRCS Termination Date

The Attorney General asserts "a full one-year parole period is the price of [a] Proposition 47 sentence reduction." We disagree. Section 1170.18, subdivision (e), states, "Under no circumstances may resentencing . . . result in the imposition of a term longer than the original sentence." We continue to follow our opinion in *Pinon*, which viewed the word "term" as meaning either a jail or a parole term and concluded a trial

4

court may not impose a parole term going past the scheduled end date of defendant's PRCS. Thus, the court erred to the extent the new parole period extended beyond the scheduled termination date of defendant's PRCS, and we will remand to allow the court to adjust the maximum date of defendant's parole such that it corresponds with the end of defendant's PRCS date.

*4. Excess Custody Credits Applied to Parole Period and Eligible Fines*

Proposition 47 also states that anyone who is resentenced under its provisions "shall be given credit for time served" and that nothing in the law "is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." (§ 1170.18, subds. (d) & (m).) Defendant thus argues that, as an alternative to striking the parole period, to the extent his custody credits exceed those applied to his county jail sentence, the court should have applied those excess custody credits to his parole period and any eligible fines and fees.

The Courts of Appeal are divided on this issue. (Cf. *Morales, supra*, review granted August 26, 2015, S228030 [defendants entitled to have their excess custody credits counted toward their period of parole and eligible fines] & *People v. Armogeda* (2015) 240 Cal.App.4th 1039, review granted December 9, 2015, S230374 [following *Morales*], with *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted August 26, 2015, S227964 [reaching opposite conclusion from *Morales* on the credits issue] & *People v. McCoy* (2015) 239 Cal.App.4th 431, review granted October 14, 2015, S229296 [following *Hickman*].)

We need not weigh in on the issue. In her letter brief filed in response to our request for further briefing from the parties regarding the applicability of *People v. Morris* (2015) 242 Cal.App.4th 94 with regard to restitution fines, the Attorney General noted "the point is moot, because [defendant] has no excess custody credits." She is correct. Defendant originally received a two-year sentence in state prison. Upon

5

granting his Proposition 47 petition, the court resentenced him to two years in jail and gave him credit for the two years served. There are thus no excess credits to apply to defendant's parole period or fines.

*5. Amount of Restitution*

Defendant acknowledges he did not object to the imposition of a state restitution fine of $240 and that the amount lies "within the statutory maximum authorized for misdemeanors." The issue is waived. (*People v. Scott* (1994) 9 Cal.4th 331, 353-354.)

*6. Registration Requirement for Controlled Substance Offender*

Finally, defendant asserts the order requiring him to register as a controlled substance offender must be stricken. He argues the order exceeded the court's statutory authority after count 1 was reduced to a misdemeanor, and thus constituted an unauthorized sentence, which may be challenged despite failing to raise the issue at the resentencing hearing. The Attorney General agrees, as do we. The court lacked statutory authority to order registration after count 1 was reduced to a misdemeanor (Health & Saf. Code, § 11590, subd. (c)), and defendant did not forfeit the issue by his failure to object at the resentencing hearing. (See *People v. Brun* (1989) 212 Cal.App.3d 951, 954.) But because the court's December 17 order vacated the registration requirement, the issue is now moot.

DISPOSITION

The order is reversed and the matter is remanded to the trial court with instructions to recalculate defendant's parole period consistent with this opinion. In

addition, the trial court is ordered to strike the registration requirement imposed under Health and Safety Code section 11590.


                                        RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.