Filed 9/14/16  P. v. Warn CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RONALD DALE WARN,<br><br>    Defendant and Appellant. | G051423<br><br>(Super. Ct. No. 13CF0533)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Vickie L. Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part and remanded.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

Defendant Ronald Dale Warn appeals the trial court's disposition of his petition for resentencing pursuant to Penal Code section 1170.18.[1]  He raises numerous issues, which are complicated by an intervening opinion of this court, a reversal of that opinion by the California Supreme Court, and a new order by the trial court which fell in between the two.  As we shall explain below, we affirm in some respects and remand the remaining issues for further consideration by the trial court.

I

FACTS

In February 2013, defendant was charged with one felony count of possessing heroin in violation of Health and Safety Code section 11350, subdivision (a), as well as numerous prior convictions.  The allegations about the prior convictions were amended in a subsequent complaint.  In June 2013, defendant pleaded guilty to the possession count, and the trial court granted the prosecution's motion to dismiss all the prior convictions as potential sentence enhancements.  Defendant was sentenced to two years in prison and awarded a total of 169 days of custody credits.  The court ordered him to pay a $240 state restitution fine (§ 1202.4) and imposed and stayed a $240 parole revocation fine (§1202.45).  He was ordered to pay $200 in additional fees (Health & Saf. Code, §§11372.7, 11372.5; § 1464) and to pay other mandatory fines and fees.

In November 2014, the voters approved Proposition 47, the "Safe Neighborhood and Schools Act."  Proposition 47 reclassified certain offenses from felonies to misdemeanors and created a postconviction resentencing procedure for those convicted of felony offenses that have been reclassified.  (§ 1170.18; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1093.)  Among the crimes reclassified was the possession of a controlled substance. (§ 1170.18, subds. (a), (b).)

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

2

An individual "currently serving a sentence" may petition for resentencing under section 1170.18, subdivision (a), of the statute. Subdivision (b) states the court must recall the felony sentence of an eligible petitioner, and resentence the petitioner to a misdemeanor unless the court determines that doing so would unreasonably endanger the public. Under subdivision (d), a person resentenced under subdivision (b) is "given credit for time served" and is generally "subject to parole for one year following completion of his or her sentence."

In contrast, section 1170.18, subdivision (f), states someone who has "completed his or her sentence" of a reclassified offense may apply to have the conviction reclassified as a misdemeanor. Unlike subdivision (a), there is no period of parole under subdivision (f).

In February 2015, defendant filed a petition for resentencing under section 1170.18. At the hearing, defendant argued that because he had been placed on postrelease community supervision (PRCS), his sentence was complete and he should therefore be sentenced under section 1170.18, subdivision (f), rather than subdivision (a), and not subject to one year of parole. The court disagreed. Noting that defendant had custody credits of 365 days, the court sentenced him to 365 days with time served, and ordered one year of parole. On February 3, 2015, defendant filed a notice of appeal.

On May 27, 2015, defendant filed his opening brief, which asserted: 1) a person on parole or PRCS has already served his or her sentence and an additional year of parole cannot be imposed under section 1170.18, subdivision (d); 2) in the alternative, a court may not impose a longer period of supervision than that person would have served if they had not sought resentencing; and 3) his fines under sections 1202.4 and 1202.45 must be reduced to those applicable to misdemeanor convictions.

On June 26, 2015, this court issued its now superseded opinion in *People v. Morales* (2015) 238 Cal.App.4th 42, review granted August 26, 2015, S228030 (*Morales I*). This court came down on what would ultimately be the wrong side of the California

3

Supreme Court opinion, and held a defendant in this situation could be sentenced to parole even while currently under PRCS, but that custody credits must be used to reduce the parole period.  (*Id.* at p. 50.)  We also held that custody credits could be used to reduce fines.  (*Id.* at p. 51.)

On August 10, 2015, the Attorney General filed its brief.

On August 12, 2015, in an attempt to rectify what it now perceived was error, the trial court modified its order regarding defendant's petition in a manner consistent with *Morales I.*  Because his total credits exceeded his sentence and one-year term of parole, the court immediately discharged defendant from parole.  His remaining fines were reduced by $30.

On August 13, defendant filed his reply brief, acknowledging *Morales I*, but apparently as yet unaware of the trial court's August 12 order.  He added the argument that, under *Morales I*, his case must be remanded for a recomputation of custody credits, and his excess days must be credited against the year of parole.[2]

On June 16, 2016, the California Supreme Court decided *People v. Morales* (2016) 63 Cal.4th 399, 403 (*Morales II*), which, reversing this court, held "that credit for time served does not reduce the parole period."  It did not consider the use of custody credits to reduce fines, and that part of *Morales I* remains valid.

We requested further briefing from the parties after *Morales II* was decided.  The parties concur that custody credits cannot be used to reduce the one-year parole period.  Defendant argues, however, that *Morales II* did not address the following three issues:  1) Whether he should have been placed on parole in the first place; 2) Whether any excess custody credits may offset or reduce his fines and fees; and 3) Whether his fines under sections 1202.4 and 1202.45 must be reduced to the applicable misdemeanor

---

2 Ordinarily, we would not consider any new arguments in a reply brief.  But the Attorney General failed to object, and given the somewhat unusual circumstances here, we conclude this argument should be considered.

levels.  He also contends that the first and second issues were mooted by the trial court's August 12, 2015, order discharging him from parole and reducing his fees by $30, which he argues was a correct application of credits.  He asks for relief only on the issue relating to the fines under sections 1202.4 and 1202.45.

The Attorney General disagrees, arguing the trial court's August 12 order was based on the now superseded *Morales I*, and should be remanded for further consideration.  It also argues, as it did in its original brief, that defendant's arguments regarding sections 1202.4 and 1202.45 were forfeited for failing to raise them in the trial court.

We address these contentions below.

II

DISCUSSION

*The Trial Court's August 12, 2015 Order*

As we noted above, after *Morales I* was decided by this court, and while this case was actively pending on appeal, the trial court issued a new order regarding defendant's petition for resentencing.  While we commend the trial court's attempt to quickly comply with *Morales I*, we conclude the court lacked jurisdiction to make the modification because this appeal was pending.  (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 929-930.)  While section 1237.1 gives trial courts concurrent jurisdiction to correct the calculation of presentence credits while an appeal is pending, it applies only to mathematical or clerical errors, not substantive issues like those present here.  (*People v. Delgado* (2012) 210 Cal.App.4th 761.)  Therefore, the August 12 order is void.  (*People v. Scarbrough*, *supra*, 240 Cal.App.4th at p. 920.)

*"Serving a Sentence"*

Section 1170.18 distinguishes between those who have already completed their sentences and those who are still serving them.  As we discussed earlier, those

5

currently serving a sentence are generally subject to one year of parole under section 1170.18. subdivision (d), while those who have completed their sentences are not, under subdivision (f).  The crux of the matter comes down to whether serving parole and PRCS constitute "serving a sentence" under section 1170.18.  Because he was on PRCS at the time he filed the petition, defendant argues he was no longer "serving a sentence."

The Attorney General argues that in deciding *Morales II*, although the court did not decide this issue directly, it would have had a difficult time reaching the custody credit issue without tacitly concluding that placing individuals currently on PRCS on parole under 1170.18 was appropriate.  The defendant in that case was on PRCS at the time he petitioned the court for relief under 1170.18.  (*Morales II*, *supra*, 63 Cal.4th at p. 403.)

The *Morales II* court stated:  "Section 1170.18 ensures that a person resentenced under its provisions may not receive a longer sentence than the original one.  Subdivision (e) of section 1170.18 provides:  'Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence.'  Here, defendant was subject to postrelease community supervision for three years.  The resentencing imposed only one year of parole.  If defendant preferred the original three years of community supervision to one year of parole, he could simply not have petitioned for resentencing.  If he now prefers it, he probably could re-petition the court to go back to the original sentence.  Giving him the benefit of either the original sentence or resentencing under section 1170.18, as he prefers, does not deny equal protection of the laws." (*Morales II*, *supra*, 63 Cal.4th at p. 409.)  The Attorney General argues we should give this weight, despite its status as dictum, because it "reflects compelling logic."  (*Smith v. County of Los Angeles* (1989) 214 Cal.App.3d 266, 297.)  This is a fair point, but because it is dictum, it is not determinative.

Defendant cites *People v. Nuckles* (2013) 56 Cal.4th 601 (*Nuckles*) and principles of statutory interpretation in support of his position.  *Nuckles* concerned the

6

definition of an "accessory" in section 32. "An accessory is a person 'who, after a felony has been committed . . . aids a principal in such felony, with the intent that said principal may . . . escape from . . . *punishment* . . . .'" (*Nuckles*, at p. 605.) The Supreme Court concluded that parole is a part of punishment, and a person who aids a parolee in absconding qualifies as an accessory. (*Ibid.*) But the court distinguished "sentencing" from "parole." "Although parole constitutes a distinct phase from the underlying prison sentence, a period of parole following a prison term has generally been acknowledged as a form of punishment." (*Id.* at p. 609.) *Nuckles,* therefore, uses "prison sentence" to have the same meaning as "prison term." This only suggests that the term "sentence" has more than one meaning in the law. Moreover, *Nuckles* stated that "parole is a mandatory component of any prison sentence" (*ibid*). Section 1170.18 did not abrogate this long-standing statutory mandate.

As have various courts before us, we reject defendant's contention based on statutory construction. "'[C]urrently serving a sentence'" appearing in section 1170.18, subdivision (a), means "all persons . . . subject to judicial sanction under a felony conviction . . . rather than only those persons . . . actually confined." (*People v. Davis* (2016) 246 Cal.App.4th 127, 142, fn. omitted, review granted July 13, 2016, S234324 (*Davis*).)[3]

It is within the trial court's discretion to determine whether defendant should be released from parole and to calculate the remaining parole term if it decides otherwise. We remand for the trial court to make that decision in light of this opinion. Defendant correctly argues that under section 1170.18, subdivision (e), the length of his parole cannot exceed the remainder of his PRCS term. (*Morales II, supra,* 63 Cal.4th at p. 409.)

---

[3] Review was granted on a different issue.

*Recalculation of Fines and Fees Using Custody Credits*

Defendant argues that he is entitled to a recalculation of his fines and fees and an offset due to custody credits. We agree this is proper. (*People v. Morris* (2015) 242 Cal.App.4th 94, 101-102.) On remand, the trial court shall recalculate the amount owed accordingly.

*The Restitution and Parole Revocation Fines*

Finally, defendant contends that in resentencing him, the trial court erred by failing to reduce the $240 minimum felony fines imposed on him under sections 1202.4 and 1202.45 to the minimum fines allowable to one convicted of a misdemeanor. Defendant did not raise this issue at the time of resentencing. His failure to request the trial court to reduce the amount of the fines constituted a waiver of the issue.

"[T]o encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims" (*People v. Scott* (1994) 9 Cal.4th 331, 351), unless the trial court imposes an "'unauthorized sentence'" (*id.* at p. 354), i.e., one that "could not lawfully be imposed under any circumstance in the particular case" (*ibid.*), the "lack of a timely and meaningful objection forfeits or waives the claim" (*id.* at p. 351). This rule applies to appellate claims challenging the amount of restitution. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.) Because the fines imposed on defendant were within the allowable range for a misdemeanor conviction, they were not "unauthorized." By failing to raise the amount of the fines in his petition for resentencing or at the hearing on the petition, defendant waived any objection to the amount of the fines originally imposed on him.

8

## III

## DISPOSITION

The fines and fees imposed under sections 1202.4 and 1202.45 are affirmed, subject to any offset due to recalculation of his custody credits. The matter is remanded to the trial court to determine whether a further period of parole is proper under section 1170.18, subdivision (d), or if the trial court deems it appropriate to discharge defendant from parole.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.

9