Filed 12/22/21  P. v. Racimo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C092919 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20026371) |
| v. | |
| CALIXTO CADA RACIMO, | |
| Defendant and Appellant. | |

Petitioner Calixto Cada Racimo successfully petitioned for resentencing under Penal Code[1] section 1170.95 and was sentenced to time served.  On appeal, he contends his excess custody credits should offset his parole term and fines.  We requested supplemental briefing from the parties regarding whether section 3000.01 decreased petitioner's parole term to two years in the event petitioner's custody credits could not

---

[1]     Further section references are to the Penal Code unless otherwise indicated.

1

offset the imposed parole term. Petitioner then requested judicial notice be taken of the Department of Corrections and Rehabilitation's records providing he had been discharged from parole.[2]

Given that petitioner has been discharged from parole, we conclude the issue of whether the trial court erred by imposing a three-year parole term is moot, as is the issue of whether section 3000.01 applies to petitioner's case. We agree with the parties, however, that petitioner's custody credits should offset his imposed fines.

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner served approximately 18 years in prison before the court resentenced him under section 1170.95 to nine years. The court further imposed a $200 restitution fine and a $200 parole revocation fine. Finding that petitioner had served his entire sentence, the court sentenced petitioner to time served and placed him on three years of parole.

Petitioner appealed on November 23, 2020. He was discharged from parole on November 1, 2021.

DISCUSSION

Petitioner contends his excess custody credits eliminated the trial court's authority to impose a term of parole. He acknowledges other appellate courts have concluded a trial court may impose parole after resentencing a petitioner under section 1170.95 to time served, even if that petitioner has sufficient excess custody credits to offset the imposed parole term. (See *People v. Wilson* (2020) 53 Cal.App.5th 42, 46; see also *People v. Lamoureux* (2020) 57 Cal.App.5th 136, 145 [agreeing with and adopting the *Wilson* court's reasoning].) He contends those cases were wrongly decided.

---

[2]     Petitioner's request for judicial notice is granted.

After filing his opening brief, petitioner was discharged from parole, rendering this issue moot. " '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.' " (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.) In light of petitioner's discharge from parole, any determination regarding the trial court's authority to impose parole would have no practical effect and would not provide any effective relief. (See *People v. Lamoureux*, *supra*, 57 Cal.App.5th at p. 154, fn. 9 [declining to decide the petitioner's claim regarding erroneous calculation of presentence conduct credits].) Because the issue has become moot, we need not consider it. (*Rish*, at p. 1380 ["It is not the function of the appellate court to render opinions ' " ' "upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " ' "].)

We, however, agree with the parties that petitioner's excess custody credits must offset the imposed restitution fine and parole revocation fine. (§ 2900.5, subd. (a); *People v. Morris* (2015) 242 Cal.App.4th 94, 101-103 [defendant's restitution fine deemed satisfied by the application of his excess custody credits under the version of section 2900.5 in effect at the time of his offense]; *People v. Lamoureux*, *supra*, 57 Cal.App.5th at p. 152 [same].) At the time of petitioner's offense in 2002, former section 2900.5, subdivision (a) provided that custody credits may be "credited to any fine on a proportional basis, including, but not limited to, base fines and restitution fines, which may be imposed, at the rate of not less than thirty dollars ($30) per day . . . ." (Stats. 1996, ch. 1077, § 28, operative Jan. 1, 1999 (Assem. Bill No. 2898); Stats. 1998, ch. 338, § 6, eff. Aug. 21, 1998, operative Jan. 1, 1999 (Sen. Bill No. 295); see also Stats. 1991, ch. 437, § 10, eff. Sept. 18, 1991, operative Jan. 1, 1995 (Assem. Bill No. 688) [applying rate of $30 per day of credit to "any fine which may be imposed"].) At $30 per day, petitioner's excess custody credit more than offsets the imposed fines. Thus, the fines must be deemed satisfied in full.

DISPOSITION

The judgment is modified to reflect petitioner's restitution and parole revocation fines are deemed satisfied in full by application of his excess custody credits.



/s/
Robie, J.



We concur:



/s/
Raye, P. J.



/s/
Hull, J.

4