Filed 8/15/22  P. v. Krater CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CHRISTIAN CALVIN KRATER,<br><br>  Defendant and Appellant. | C093982<br><br>(Super. Ct. No. 20CF00007) |

Defendant Christian Calvin Krater pleaded no contest to injuring his child's parent.  In exchange for his plea, four additional charges were dismissed with a *Harvey*[1] waiver.  In March 2021, the trial court sentenced defendant to the upper term of four years in state prison.

Defendant appealed, and his appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754

(1979) 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed, and we received no communication from defendant.

While this appeal was pending, the Legislature passed and the Governor signed Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567). Effective January 1, 2022, that law amended Penal Code section 1170, subdivision (b) to require the trial court to impose a sentence not to exceed the middle term unless there are circumstances in aggravation that justify the imposition of a term exceeding the middle term and the facts underlying those aggravating circumstances (1) have been stipulated to by the defendant, (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial, or (3) relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subd. (b)(1), (2), (3).) In light of the new law, we asked the parties to submit supplemental briefing on its affect in this case. Having considered the supplemental briefing and having reviewed the record, we will affirm the conviction but remand for resentencing.

BACKGROUND

On the morning of December 30, 2019, defendant went to another person's home to visit his child. While there, defendant grabbed A.S., the mother of his child, by the head and threw her into the front of a parked car, causing A.S. to lose consciousness and fall to the ground. Defendant picked A.S.'s limp body up off the ground only to drop her again and start walking away. As he walked away, A.S. stood up and "began to limp away from the vehicle." Defendant turned, grabbed her by the face or neck, and " 'thrashed' her face around." In an effort to keep defendant off of her, A.S. put out her arms; defendant grabbed one of her arms, "jerked her forward, and punched her in the face." The punch caused A.S.'s head to snap backward and defendant punched her in the shoulder before walking away. A.S. ran inside the house. Two adults and a minor child witnessed the assault, which was also caught on video.

2

Defendant was ultimately charged with five criminal acts including a single charge of injuring his child's parent (Pen. Code, § 273.5, subd. (a)), to which defendant pleaded no contest. Defendant agreed the probation report provided the factual basis for his plea. In exchange for his plea, the People moved the court to dismiss the remaining four charges with a *Harvey* waiver. The trial court granted the People's motion.

At sentencing, defendant argued for probation. The trial court was not persuaded and followed the probation department's recommendation, sentencing defendant to the upper term of four years in state prison. The trial court found that seven aggravating factors supported imposition of the upper term: that the crime involved great violence (California Rules of Court, rule 4.421(a)(1)), the victim was particularly vulnerable (*id.,* rule 4.421(a)(3)), defendant took advantage of a position of trust (*id.,* rule 4.421(a)(11)), defendant engaged in conduct indicating he is a serious danger to society (*id.,* rule 4.421(b)(1)), defendant's prior convictions are numerous (*id.,* rule 4.421(b)(2)), defendant served a prior prison term (*id.,* rule 4.421(b)(3)), and defendant's prior performance on probation was unsatisfactory (*id.,* rule 4.421(b)(5)). The trial court found no factors in mitigation. The trial court also ordered defendant to pay various fines and fees and awarded him 317 days of presentence credit.

Defendant appealed without a certificate of probable cause.

## DISCUSSION

Under *In re Estrada* (1965) 63 Cal.2d 740, " ' "[a]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date" [citation], unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." ' " (*People v. Lara* (2019) 6 Cal.5th 1128, 1134.) A judgment of conviction is not final for the purpose of determining the retroactive application of a statutory amendment until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

3

Nothing in Senate Bill 567 suggests a legislative intent that its amendments apply prospectively only, and the parties correctly agree that defendant is entitled to the benefits of the legislative enactments in Senate Bill 567. (Stats. 2021, ch. 731, §§ 1-3; *Flores*, at p. 1039.)

The People nevertheless argue the upper term sentence is consistent with the amended law because defendant agreed, when he pleaded no contest, that the trial court could consider his prior criminal history at sentencing. The People's argument is based on *People v. Munoz* (2007) 155 Cal.App.4th 160, which involved a defendant's relinquishment of his Sixth Amendment right to a jury trial and beyond a reasonable doubt finding on the facts used to aggravate his sentence. (*Id.* at p. 168.) The People argue the application of amended section 1170 in this case raises the same issue as in *Munoz*, and should be resolved the same way here because, like in *Munoz*, defendant made a plea bargain with a *Harvey* waiver. *Munoz* is inapposite, however, because the plea in that case occurred after the cases establishing the new law (i.e., *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] & *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403]) had been decided. Whereas here, defendant pleaded no contest with a *Harvey* waiver before the amendments to section 1170 were in effect.

In the alternative, the People argue harmless error. Although some courts have discussed the application of a harmless error analysis in a challenge under Senate Bill 567 with differing results (cf. *People v. Flores* (2022) 75 Cal.App.5th 495, 500-501; *People v. Lopez* (2022) 78 Cal.App.5th 459, 465-466), because the trial court did not have the opportunity to consider the amendments to section 1170, we will remand the matter to

4

permit the trial court to reconsider the upper term sentence based on the retroactive change in the law.**2**

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

Defendant's conviction is affirmed and the matter is remanded for resentencing. The trial court is directed to reconsider the upper term sentence in a manner consistent with amended section 1170.

/S/
MAURO, J.

We concur:

/S/
ROBIE, Acting P. J.

/S/
DUARTE, J.

---

**2** In an effort to circumvent a mootness argument, defendant's appellate counsel notes defendant may be out of prison but the appeal remains viable because a reduction in defendant's sentence could result in a reduction to his fines and fees. We agree, and conclude the appeal remains viable. (§ 2900.5; see *People v. Morris* (2015) 242 Cal.App.4th 94, 100.)