Filed 10/26/21  P. v. Nguyen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HIEP HUY NGUYEN,<br><br>    Defendant and Appellant. | D079035<br><br><br>(Super. Ct. No. 196642) |

APPEAL from a judgment of the Superior Court of Santa Clara County, Andrea E. Flint, Judge.  Affirmed, as modified.

Jonathan Grossman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Donna M. Provenzano and Melissa A. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

Hiep Huy Nguyen was serving a prison term of 25 years to life for first degree murder (Penal Code, § 187) and robbery (*id.*, § 211).[1]  In 2019, he filed a petition to vacate his sentence and for resentencing under section 1170.95. The trial court found him eligible for relief and resentenced him to a term of five years for the robbery conviction.  The trial court found that this new sentence was satisfied by Nguyen's custody credits, ordered Nguyen released, and placed him on parole for three years.  The trial court imposed restitution and parole revocation fines.  (§§ 1202.4, subd. (b), 1202.45.)  The trial court also imposed a criminal justice administration fee of $129.75 (Gov. Code, §§ 29550, 29550.1, & 29550.2).  The court's minute order reflects additional court security and court administration fees.

Nguyen appeals, contending the trial court erred when it placed him on parole and declined to apply his excess custody credits to satisfy the parole term.  Nguyen has been discharged from parole, rendering this issue moot. Nguyen also challenges the fines and fees.  We conclude the judgment should be modified (1) to reflect that the restitution and parole revocation fines are deemed satisfied in full by application of Nguyen's excess custody credits, (2) to vacate the balance of the criminal justice administration fee unpaid as of July 1, 2021, and (3) to strike the court administration fee and the court security fee.  We affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

In 1998, a jury convicted Nguyen of first degree murder (§ 187, subd. (a)) and robbery (§ 211).  In 1999, the trial court sentenced him to 25 years to life in prison for the murder and imposed and stayed a five-year

---

[1]    Unless otherwise indicated, statutory citations are to the Penal Code.

term for the robbery (§ 654).[2]  The trial court imposed a $200 restitution fine and an additional $200 parole revocation fine, ordered suspended unless parole is revoked.

In 2019, Nguyen filed a petition to vacate his sentence and for resentencing under section 1170.95.  The trial court found Nguyen was eligible for relief, vacated his sentence, and resentenced him to a term of five years for the robbery conviction.  The trial court awarded a total of 8,656 days (more than 23 years) of custody credits.  The trial court found that Nguyen's sentence was satisfied by his credits and ordered him released.  However, the court placed Nguyen on parole for a period of three years.

The trial court imposed a restitution fine of $1,000 (Pen. Code, § 1202.4, subd. (b)), a parole revocation restitution fine of $1,000, ordered suspended (*id.*, § 1202.45, subd. (a)).  The trial court also imposed a criminal justice administration fee of $129.75 (Gov. Code, §§ 29550, 29550.1, & 29550.2).  The minute order reflects two additional fees—a $30 court administration fee (Gov. Code, § 70373) and a $30 court security fee (Pen. Code, § 1465.8)—that the trial court did not impose orally at sentencing.

## DISCUSSION

### I

### *Parole*

Senate Bill No. 1437, effective January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a

---

[2]    The facts of the underlying offense, which are not relevant to the issues raised in this appeal, are set forth in Nguyen's prior appeal, *People v. Nguyen* (Oct. 6, 2003, H019727) [nonpub. opn.].  In a prior order, the court granted Nguyen's request to take judicial notice of this opinion.  (Evid. Code, §§ 452, subd. (a), 459.)

3

person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 amended sections 188 and 189, statutory provisions governing malice and the degrees of murder, and added section 1170.95. (Stats. 2018, ch. 1015, §§ 2-4.)

Section 1170.95 allows a person convicted of felony murder or murder under a natural and probable consequences theory to petition their sentencing courts to vacate their murder convictions and be resentenced on any remaining counts. (§ 1170.95, subd. (a).) A person is entitled to resentencing if the following conditions are met: (1) a charging document was filed against the person that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) the person was convicted of first or second degree murder following a trial or an accepted plea; and (3) the person "could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189" made by Senate Bill No. 1437. (*Ibid.*)

Subdivision (g) of section 1170.95 provides, "A person who is resentenced pursuant to this section shall be given credit for time served. The judge may order the petitioner to be subject to parole supervision for up to three years following the completion of the sentence." Here, the trial court imposed a five-year prison term which was deemed satisfied by Nguyen's custody credits and imposed an additional three-year term of parole. Nguyen challenges the three-year parole term, contending parole was "unauthorized" because the trial court should have applied his excess custody credits to satisfy the parole term. As the Attorney General recognizes, the plain language of the statute vests the resentencing court with discretion to impose

4

a period of parole. Two courts—including this one—have considered similar claims that petitioners' excess custody credits should be used to reduce their parole term when they are resentenced under section 1170.95, and both have found that the imposition of an additional period of parole is permissible even if the petitioner has excess custody credits. As the court held in *People v. Wilson* (2020) 53 Cal.App.5th 42, 46, "the trial court is not required to mechanically apply excess custody credits to reduce or eliminate the parole period imposed at a resentencing pursuant section 1170.95. Instead, and notwithstanding excess custody credits, the court may exercise its discretion when deciding whether to order a period of parole." (See *People v. Lamoureux* (2020) 57 Cal.App.5th 136, 145 (*Lamoureux*) [agreeing with and adopting the *Wilson* court's reasoning].)

Here, however, counsel submitted a letter informing this court that the issues on appeal "might be moot" because Nguyen was recently discharged from parole. " '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.' " (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.) In light of Nguyen's discharge from parole, any determination regarding the trial court's authority to impose parole would have no practical effect and would not provide any effective relief. (See *Lamoureux*, *supra*, 57 Cal.App.5th at p. 154, fn. 9 [declining to decide appellant's claim regarding erroneous calculation of presentence conduct credits].) Because the issue has become moot, we need not consider it. (*Rish*, at p. 1380 ["It is not the function of the appellate court to render opinions ' " ' "upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " ' "].)

## II.

### *Fines and Fees*

#### A. *Restitution Fines*

Nguyen also challenges the $1,000 restitution and parole revocation fines (§§ 1202.4, 1202.45) on the ground that the amount imposed violates California's double jeopardy clause (Cal. Const., art. I, § 15), as well as the plain language of section 1170.95, subdivision (d)(1).[3]  Nguyen alternatively contends that his excess custody credits must be applied to the fines under section 2900.5, such that the fines are deemed satisfied.

The Attorney General contends Nguyen forfeited this argument by failing to object in the trial court.  We agree.  (See *People v. Trujillo* (2015) 60 Cal.4th 850, 856 [" '[T]he forfeiture rule applies in the context of sentencing as in other areas of criminal law.' "]; *In re Seaton* (2004) 34 Cal.4th 193, 197-198 [forfeiture rule applies to claims of constitutional violations]; see also *Lamoureux*, *supra*, 57 Cal.App.5th at p. 151 [restitution fine in amount "less than the statutory maximum" was "not an unauthorized sentence subject to our correction on appeal despite [defendant's] failure to object in the trial court"].)

Even if we were to overlook the forfeiture, we need not decide whether the court erred in setting the $1,000 restitution fines.  Whether the proper amount for the fines was $1,000 or a lesser amount, we agree with Nguyen

---

[3]    That subdivision provides, in relevant part, "[T]he court shall hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously . . . sentenced, *provided that the new sentence, if any, is not greater than the initial sentence.*" (§ 1170.95, subd. (d)(1), italics added.)  As previously noted, when Nguyen was sentenced in 1999, the trial court imposed a restitution fine of $200 and an additional parole revocation fine in the same amount.

that his excess custody credits should have been applied to fully satisfy the fines. (§ 2900.5, subd. (a); *People v. Morris* (2015) 242 Cal.App.4th 94, 101-103 (*Morris*) [defendant's restitution fine deemed satisfied by the application of his excess custody credits under the version of section 2900.5 in effect at the time of his sentence]; *Lamoureux, supra*, 57 Cal.App.5th at p. 152 [same].) The Attorney General does not dispute this point.

The ex post facto clause applies to Nguyen's restitution fines, such that the fines are governed by the statutes in effect at the time of his offense. (*Morris, supra*, 242 Cal.App.4th at pp. 101-102; Cal. Const., art. I, § 9; U.S. Const., art. I, § 10.) When Nguyen committed his crime in 1998, section 2900.5, subdivision (a) provided in pertinent part as follows: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, and including days credited to the period of confinement pursuant to Section 4019, shall be credited upon his or her term of imprisonment, or credited to any fine on a proportional basis, including, but not limited to, base fines and restitution fines, which may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence. If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served. In any case where the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine on a proportional basis, including, but not limited to, base

fines and restitution fines."[4] (Stats. 1996, ch. 1077, § 28, operative Jan. 1, 1999 (Assem. Bill No. 2898); Stats. 1998, ch. 338, § 6, eff. Aug. 21, 1998, operative Jan. 1, 1999 (Sen. Bill No. 295); see also Stats. 1991, ch. 437, § 10, eff. Sept. 19, 1991, operative Jan. 1, 1995 (Assem. Bill No. 688) [applying rate of $30 per day of credit to "any fine which may be imposed"].)

Under the plain terms of former section 2900.5, subdivision (a), the trial court was required to apply Nguyen's excess custody credits to reduce his restitution fines at a rate of not less than $30 per day.[5] Nguyen had a total of 8,656 custody credits. Under former section 2900.5, Nguyen was entitled to have those credits first applied to his new five-year term of imprisonment, which constitutes approximately 1,825 days, and the remainder (approximately 6,831 days) applied to his restitution fines. When multiplied by a rate of $30 per day, the credit of the remaining 6,831 days far exceeds both the $1,000 restitution fine and $1,000 parole revocation fine. As

---

[4] In 2013, the Legislature amended section 2900.5, subdivision (a) by eliminating restitution fines from the fines to which excess custody credits may be applied. (Stats. 2013, ch. 59, § 7 (Sen. Bill No. 514).) In 2016, the amount credited was increased to no less than $125 per day. (Stats. 2016, ch. 769, § 2, eff. Jan. 1, 2017 (Assem. Bill No. 2839).) Nguyen contends he is entitled to the higher rate of $125 per day; the Attorney General disputes this as the higher rate was never applicable to restitution fines. We need not consider the issue because even applying the lower rate, Nguyen's fines are fully satisfied.

[5] Unlike the issue of parole, which is addressed in subdivision (g), section 1170.95 " 'says nothing about *fines*,' " and thus " 'does not supplant the legislative intent of section 2900.5 as it applies to fines.' " (*Lamoureux*, *supra*, 57 Cal.App.5th at p. 152, fn. 8.)

a result, we deem the restitution and parole revocation fines to be satisfied in full.[6]

B. *Court Administration and Security Fees*

Nguyen also challenges the $30 court administration fee (Gov. Code, § 70373) and the $30 court security fee (Pen. Code, § 1465.8), which the trial court did not impose orally at sentencing. The Attorney General agrees these fees should be stricken. These fees were not imposed orally at judgment and appear only in the court minutes. Generally, "[w]here there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385; see *People v. Mitchell* (2001) 26 Cal.4th 181, 185-186 [appellate court has the authority to order the abstract of judgment to be corrected if it does not accurately reflect the trial court's oral pronouncement of judgment]; *People v. Mesa* (1975) 14 Cal.3d 466, 471 ["a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error"].) In addition, these fees were enacted after the date of Nguyen's conviction and do not apply to convictions rendered before their enactment. (*People v. Alford* (2007) 42 Cal.4th 749, 753-754 [the Legislature intended the court security fee of Pen. Code, § 1465.8 to be imposed on all convictions after its operative date of August 17, 2003]; *People v. Davis* (2010) 185 Cal.App.4th 998, 1000 [Gov. Code, § 70373 fee applies only to convictions occurring on or after the

---

[6]    As noted, the parole revocation fine was ordered suspended unless parole was revoked. The record reflects that Nguyen was successfully discharged from parole and there is no indication that parole was revoked. However, in an abundance of caution, we find that both the restitution fine and the additional parole revocation fine are satisfied by Nguyen's excess credits.

9

statute's effective date of January 1, 2009; reversing order imposing assessment].) Thus, the $30 court administration fee and the $30 court security fee must be stricken.

### C. *Criminal Justice Administration Fee*

The trial court also imposed a criminal justice administration fee of $129.75, pursuant to former sections 29550, 29550.1, and 29550.2 of the Government Code. While this appeal was pending, the Legislature enacted Assembly Bill No. 1869. (Assem. Bill No. 1869 (2019-2020 Reg. Sess.) § 11, eff. Sept. 18, 2020.) Government Code section 6111, which was enacted pursuant to Assembly Bill No. 1869, states, "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)

We requested that the parties file supplemental briefs addressing the impact of Assembly Bill No. 1869. The Attorney General concedes that any portion of the criminal justice administration fee that was outstanding as of July 1, 2021 is unenforceable, and Nguyen is entitled to vacatur of the unpaid balance that remained outstanding as of July 1. Nguyen, however, appears to contend that, because his conviction was not final when the statutory changes came into effect, the fee should be vacated in its entirety. We agree with the Attorney General. As this court recently explained in *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953-954:

> "Pursuant to the express terms of section 6111, subdivision (a), [a defendant] is entitled to the vacatur of that portion of the criminal justice administration fee . . . that remains unpaid as of July 1, 2021, and to the modification of his judgment consistent with such vacatur.

Section 6111, subdivision (a) provides not only that any costs imposed pursuant to the listed statutory provisions that remain unpaid on and after July 1, 2021 are 'unenforceable and uncollectible,' but also that 'any portion of a judgment imposing those costs *shall be vacated*.' [Citation.] Thus, by its express terms, section 6111 envisions that the referenced costs are to be vacated, and it makes the vacatur mandatory through its use of the word 'shall.' [Citation.] Although section 6111's reference to 'those costs' is ambiguous, in that 'those costs' could refer to the entirety of the fee imposed by the trial court, such that the vacating of 'those costs' would eliminate the fee in its entirety, we conclude that the statutory scheme supports interpreting the phrase 'those costs' as referring only to that portion of [the] fee imposed by the court that remains *unpaid* as of July 1, 2021."

We therefore vacate any balance of the criminal justice administration fee imposed by the court pursuant to Government Code sections 29550, 29550.1, and 29550.2 that remains unpaid as of July 1, 2021.

## DISPOSITION

The judgment is modified to reflect that Nguyen's restitution and parole revocation fines (Pen. Code, §§ 1202.4, 1202.45) are deemed satisfied in full by application of his excess custody credits (*id.*, § 2900.5). The judgment is further modified to strike the $30 court administration fee (Gov. Code, § 70373) and the $30 court security fee (Pen. Code, § 1465.8). The portion of criminal justice administration fee imposed by the court pursuant to Government Code sections 29550, 29550.1, and 29550.2 that remains unpaid as of July 1, 2021 is vacated. In all other respects, the judgment is affirmed. The clerk of the superior court is directed to modify the abstract of

11

judgment to reflect these modifications and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.


GUERRERO, J.

WE CONCUR:


HALLER, Acting P. J.


DATO, J.